TYSON, Judge.
This is an appeal from an order revoking Clay Ronald Patton’s probation. A brief synopsis of the facts which led to this appeal is in order.
On June 28, 1985, the appellant, Patton, was indicted in a three-count indictment for the offenses of assault in the second degree, kidnapping in the first degree and being a felon in possession of a pistol. On May 5, 1986, the appellant pleaded guilty to assault in the second degree under the Habitual Felony Offender Act. The other two counts were dismissed by the State. The appellant was adjudged guilty and sentenced to 15 years’ imprisonment in the penitentiary.
A probation hearing was held on August 4, 1987, and the appellant was denied probation. On March 1, 1988, a hearing was held on a motion to reconsider probation. The appellant was then granted probation.
One of the terms of probation was that the appellant abide by the rules and regulations of the Salvation Army Rehabilitation Center in San Antonio, Texas.
The appellant was declared delinquent on March 28, 1988, and a capias warrant was issued for his arrest. The appellant waived extradition to Alabama and appeared in open court with his attorney on May 26, *1180 1988. He pleaded not guilty to the charges that he had violated ffis probation agreement.
On December 8, 1988, a revocation hearing was held. From this hearing the trial judge entered an order revoking the appellant’s probation. On December 27, 1988, the appellant filed a motion to reconsider probation. On March 10, 1989, the trial court denied the appellant’s motion for reconsideration.
The appellant appeals from these orders. The basis for the appellant’s contention is that the trial judge erroneously revoked his probation based solely on hearsay evidence presented at the hearing.
Hearsay evidence, standing alone, cannot be the basis for a probation revocation. See, Watkins v. State, 455 So.2d 160 (Ala.Crim.App.1984); Moore v. State, 432 So.2d 552 (Ala.Crim.App.1983). However, in the case at bar, the trial judge did not rely solely on hearsay evidence when he revoked appellant’s probation.
The order revoking appellant’s probation reads as follows:
“ORDER
“This cause came to be heard on the Probation Officer’s Petition to Revoke the defendant Clay Ronald Patton’s probation. After hearing evidence, the Court finds as follows:
“On the 5th day of May, 1986, the defendant plead guilty to Assault II as an habitual offender and received a 15 year sentence. For reasons not shown by the testimony, probation was not ruled on till August 4, 1987. On that date, this Court denied probation. On March 1, 1988, the case was heard on a Motion to Reconsider Probation. At that time, the defendant was granted probation, subject to the stringent conditions enumerated in State’s Exhibit One, ‘Probation Order’. On that same date, the probation officer explained these conditions of probation to the defendant. One condition of probation was that the defendant obey all curfews of and not leave the Salvation Army Rehabilitation Center in San Antonio, Texas overnight. The probation officer testified that he filed a delinquency petition with this Court on the 28th day of March, 1988 based on a telephone call from Major Preston Leonard of the Salvation Army Rehabilitation Center in San Antonio, Texas in which it was related to the probation officer that the defendant had left the Center the prior day and had failed to return. On the 26th day of May, 1988, the defendant was advised of his rights. At the probation hearing, Mr. Louis Soucie, Assistant Administrator of the Salvation Army Rehabilitation Center, testified that when he arrived at work on March 28, 1988 at 6:30 a.m., the defendant was not •present at the Center and that he never returned to the Center. He further testified that he did not give the defendant permission to leave the Center and that a review of the Center’s records, and conversations with Major Leonard revealed that no one had given the defendant permission to leave the Center. The probation officer was told by Major Leonard that the defendant had left the Salvation Army Center on March 27, 1988 and had not returned.
“This Court finds that the defendant violated a condition of probation by failing to abide by rules of and stay within the confines of the Salvation Army Rehabilitation Center.
“It is therefore ORDERED that the defendant’s probation be revoked, and that he serve the balance of this sentence in the State Penitentiary.
“ORDERED this 9th day of December, 1988.” (R. 62-63.) (Emphasis added.)
The order denying reconsideration of the appellant’s probation revocation reads:
“ORDER
“This case came for hearing on defendant’s motion to reconsider on March 10, 1989. After reviewing the transcript, the Court is of the opinion that the revocation was not based totally on hearsay evidence and based in part on the personal knowledge of Louis Soucie, assistant administrator of the Salvation Center in New Orleans, Louisiana. Mr. Soucie testified on his own personal knowledge that the defendant was not at the center on March 28, 1988 at 6:30 a.m. when *1181 he reported, for work and that the defendant never returned to the center. Ernest Gonzales, probation officer, testified that a written copy of the rules and conditions of probation was provided to the defendant. One of the rules was that the defendant remain at the center and obey the rules of the center. Mr. Soucie testified that by not returning to the center the defendant violated a rule of the center. Therefore it is ORDERED, ADJUDGED & DECREED, that the motion to reconsider be denied.
“ORDERED this 10th day of March, 1989.” (R. 95.) (Emphasis added.)
It is clear, from these orders, that the trial judge relied in part on the personal knowledge of Mr. Louis Soucie in making his decision to revoke probation. While Soucie admitted at the hearing that he was not present on the night the appellant failed to report, he was there the next morning and the appellant had still not reported to the Center. He testified that, to his personal knowledge, the appellant was not heard from for approximately 10 days. Soucie testified that this was a violation of the Center’s rules.
Thus, it is clear that the trial judge did not rely solely on hearsay testimony in revoking the appellant’s probation.
Furthermore, the standard to be applied in determining whether the appellant’s probation should be revoked is whether the trial judge is “reasonably satisfied from the evidence that the probationer has violated the conditions of his probation.” Moore, 432 So.2d at 553.
The record shows that the trial judge was fully satisfied, after hearing the evidence, that the appellant had violated the terms of his probation, and thus he correctly revoked the appellant’s probation.
For the reasons shown, this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.