BOWEN, Judge.
Knight appeals to this Court from an order of the Circuit Court of Mobile County revoking his probation.
The record affirmatively shows that Knight never received written notice of the claimed violations of probation from the record:
“MR. BANKS (Defense Counsel): Judge, we would move to dismiss this proceeding. There’s been no showing that the Defendant has ever been served with any notification of what the proceeding’s about or what he’s being charged with or why his probation is seeking to be revoked. I think that’s a requisite element for any probation revocation.
“THE COURT: You don’t have a copy of the delinquency report?
“MR. BANKS: No, sir, I don’t have any copies of it.
“THE COURT: Well, you knew the case was set today, and it was set on a revocation hearing; did you not?
“MR. BANKS: Would Your Honor like for me to testify as to how I knew it was set?
“THE COURT: Yes, if you .. .
“MR. BANKS: Well, I saw it on the docket sheet, Judge. That’s — I didn’t know anything as far as personal knowledge or have any reports or any charge sheets, I have nothing. I just knew that it was set today.
“THE COURT: Is there anything else that you would present to me if you had had notice, the Defendant had been served, assuming he has not?
“MR. BANKS: Well, Judge, I don’t know what I would have presented. However, I just submit that it’s requisite for a revocation that the Defendant be served with the notification.
“THE COURT: Motion to dismiss is denied.”
In Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), the Supreme Court of this State set forth “the requirements and guidelines which must be met for minimal due process to be accorded the probationer under Morrissey (Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972) and Gagnon (Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973)) before his probation can be revoked.” Armstrong, 294 Ala. at 102, 312 So.2d 620. The very first requirement is “(w)ritten notice to the probationer of the claimed violations of probation.” Armstrong, 294 Ala. at 102, 312 So.2d 620.
The Attorney General argues: “The Defendant was represented by an attorney at his probation revocation hearing. Thus, his claim that he did not have notice of the proceedings is without merit.” This argument is without merit. Counsel need not be appointed in every revocation hearing. See guideline number 8, Armstrong, 294 Ala. at 103, 312 So.2d 620. Appointment of counsel does not in and of itself satisfy the requirement of written notice of the claimed violations of probation.
The requirements of Armstrong are exceedingly clear. This matter was brought *194 to the attention of the circuit court and could have been corrected at that time with only a minimum of inconvenience and expense to all concerned parties. The judgment of the circuit court revoking Knight’s probation is reversed and the cause remanded.
REVERSED AND REMANDED.
All Judges concur.