Goodrum appeals from an order of the District Court of Mobile County revoking his probation. Direct appeal from a District Court to this court is permitted pursuant to Alabama Code §12-12-72 (1975), provided certain conditions are met. Section12-12-72 reads as follows:
 "Appeals shall be directly to the appropriate appellate court if: (1) An adequate record or stipulation of the facts is available and the right to a jury trial is waived by all parties entitled thereto;
or
 (2) The parties stipulate that only questions of law are involved and the district court certifies the questions."
An adequate record of the proceedings below has been presented on this appeal and the appellant is not entitled to a jury trial to decide whether his probation should be revoked. The conditions of Section 12-12-72 (1) thus being satisfied, Goodrum's appeal is properly before this court.
Goodrum pleaded guilty and was convicted of possession of a controlled substance on December 8, 1978. His sentence was fixed at five years' imprisonment; however, the trial judge determined that Goodrum should serve 14 days in the Mobile County Jail and then be placed on probation for the balance of his sentence, four years and 351 days.
A probation revocation hearing was conducted on December 18, 1981, by the District Court. The State presented evidence that on August 29, 1979, appellant, again, was found in possession of controlled substances. The facts which gave rise to the revocation of appellant's probation are, in pertinent part, summarized in the District Court's "Written Statement of Evidence Relied Upon and Reasons for Revoking Probation," as follows: *Page 944 
 "A written motion to revoke setting forth the alleged violations of probation was duly filed herein and served upon defendant who was given an opportunity to be heard and present documentary evidence and to confront and cross-examine adverse witnesses against him, all as noted on the summary sheet on file in this cause.
 "The court considered the following evidence pertaining to the alleged violations:
 "1. Testimony of David Green that defendant was advised of probation rules.
 "2. Testimony of Sgt. A.A. Larison, Bayou La Batre Police. That on 8/29/79 at 5 P.M. he received a `suspicious person' complaint and saw appellant with a juvenile outside defendant's car on Davenport Extension in Bayou La Batre. As he approached the defendant, the defendant threw an object to the ground and placed his foot over it. The officer recovered the object which was a spoon and syringe. The syringe contained a liquid substance which appeared to be a drug. He also found green plant material and a roach clip in the car. The spoon, syringe, plant material and the `roach' were turned over to the toxicologist and proved to be marijuana and pentazocine.
"3. Documents:
Exhibit # 1 — Probation And Parole Regulations
Exhibit # 2 — Toxicologist Report"
Appellant maintains, contrary to the District Court's findings, that he never received written notice of the claimed violations of his probation. Written notice is one of the requirements which must be met for minimal due process to be accorded the probationer under Morrissey v. Brewer,408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and Gagnon v.Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). See Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), andKnight v. State, 408 So.2d 192 (Ala.Cr.App. 1981).
While the organization of this appellate record is not a model of perspicuity, we believe that it does demonstrate with sufficient clarity that appellant received written notice of the claimed violations of his probation.
On January 16, 1980, appellant's probation officer, David Green, prepared his "Supervisor's Report on Delinquent Probationer," which listed appellant's August 29, 1979, arrest as the reason for recommending that a hearing be held to determine if appellant had violated the terms of his probation. Green indicated that appellant had reported the August 29 arrest to him, but claimed that the controlled substances were not his. Green's "Supervisor's Report" was filed on February 25, 1980.
Also on February 25, 1980, the State filed a "Motion to Revoke Probation" alleging that appellant had violated the conditions of his probation by his possession of controlled substances, which was the basis for his August 29 arrest.
Then on February 27, 1980, the Sheriff of Mobile County was commanded "to serve defendant" with a copy of the "Notice of Probation Revocation Hearing," which had attached to it the State's February 25 "Motion to Revoke Probation." The "Notice of Probation Revocation Hearing" was signed by the warrant clerk for the District Court of Mobile County and reads in pertinent part:
"To the Defendant:
 "Pursuant to an order made this day by the District Court of Alabama, Mobile County, you are notified to appear before said court on the day, time, and place indicated below to show cause, if any, why the suspension of the execution of the sentence imposed upon you herein should not be revoked pursuant to the attached motion of the District Attorney. Date: April 11, 1980 Time: 9:00 a.m. Place: Courtroom `A' Mobile County Courthouse."
The Sheriff of Mobile County was not commanded to serve anyone but the appellant with this "Notice of Probation Revocation Hearing" and the attached "Motion to Revoke Probation." The Sheriff's return indicated that the notice had been personally served on "all witnesses by whose name *Page 945 
is an X mark." Since the Sheriff was commanded to serve just the appellant, "all witnesses" in this case meant the appellant.
In addition to this indication that appellant did receive written notice of the claimed violations of his probation, the District Court's "Case Action Summary" also demonstrates that the "Order to Show Cause," which was issued on February 27, 1980, was "served."
Appellant did not appear at the April 11, 1980, hearing and an arrest warrant for probation violation was issued that same day. Appellant was arrested pursuant to the warrant on April 13, 1980, but was released on bond. Another hearing was set for May 9, 1980, and, again, appellant failed to appear. An alias warrant was then issued and appellant arrested pursuant to this warrant on November 6, 1981.
Examining this record as a whole, we are convinced, as was the District Court, that appellant was afforded due process of law under Morrissey and Gagnon by receiving written notice apprising him of the claimed violations of his probation.
Appellant next maintains that the State did not establish a proper chain of custody for the controlled substances discovered by Sergeant Larison on August 29, 1979. Appellant contends that the mere introduction of the toxicologist report, coupled with Sergeant Larison's testimony, was insufficient to prove chain of custody for the substances. When this matter was brought to the attention of the District Court, the court responded as follows:
 "If this were a trial of the case, I would sustain your objection, but this not being a trial, but a motion to revoke, my understanding is that the rules of evidence are not quite the same. . . ."
The District Court's decision to admit the toxicologist's report in this manner, and not require the personal attendance of the toxicologist to technically establish the chain of custody for the controlled substances, was proper. Formal procedures and the application of strict rules of evidence are not employed in probation revocation hearings. Armstrong, supra; Thompson v. State, 356 So.2d 757 (Ala.Cr.App. 1978).
To justify the revocation of probation, it is not necessary that the evidence be strong enough to convince the court beyond a reasonable doubt, or by a preponderance of the evidence that the probationer has violated a term of his probation. It is sufficient if the court is reasonably satisfied therefrom of the truth of the charge. Armstrong, supra; Carter v. State,389 So.2d 601 (Ala.Cr.App. 1980); Thompson, supra.
The appellant having been afforded due process of law in full compliance with the guidelines set out in Armstrong, supra, the District Court's judgment is affirmed.
AFFIRMED.
All the Judges concur.