HUBERT TAYLOR, Judge.
Appellant was placed on probation for a period of two years following a guilty plea to a charge of theft in the second degree. On November 23, 1982, the State filed a “Motion to Revoke” appellant’s probation. Appellant was notified to be present in the Mobile County Circuit Court on December 17, 1982, and show cause why probation should not be revoked. After a hearing, the trial court ordered the appellant’s probation revoked on December 22,1982. This appeal followed.
The only issue which merits attention is whether appellant was given sufficient notice of violations of the terms of probation. The case of Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), set out nine requirements which must be met for minimal due process to be accorded the probationer before his probation can be revoked. The •first of these requirements is “written notice to the probationer of the claimed violations of probation.” Armstrong, 294 Ala. at 102, 312 So.2d at 622.
In the case sub judice, a “Supervisor’s Report on Delinquent Probationer” was filed on November 23, 1982, as was the State’s “Motion to Revoké Probation.” An “Order to Show Cause” was served on appellant on December 2, 1982, ordering him to appear in circuit court on December 17, 1982. From the record, it is clear that the State’s “Motion to Revoke Probation” was also served on appellant. The “Motion to Revoke Probation” contained charges which were the basis of the revocation hearing. The facts of this case are directly on point with those in Goodrum v. State, 418 So.2d 942 (Ala.Cr.App.1982), and the appeal is taken from the same circuit court. There, this court said, “Examining this record as a whole, we are convinced ... that appellant was afforded due process of law under Mor-rissey and Gagnon by receiving written notice apprising him of the claimed violations of his probation.” Goodrum at 945. We reach the same result now; however, it seems appropriate to make some procedural suggestions as to how the written notice requirement should be accomplished.
The point of giving the probationer written notice is to allow him to prepare the best defense possible. The spirit of the law is violated if the probationer is given notice for the first time at the start of the trial or minutes before. The preferable method is to serve the probationer with the written notice of parole violations at the time he is served with the “Order to Show Cause” or summons to court. The written notice, to conform with the spirit of the law, should *224 “state the facts constituting the offense in ordinary and concise language ... in such a manner as to enable a person of common understanding to know what is intended.” Ala.Code § 15-8-25 (1975). It is not our present intention to dictate procedure to the various circuits, but appeals to this court would not be successful if this procedure was followed.
The order of the lower court is affirmed.
AFFIRMED.
All the Judges concur.