445 So.2d 573 (1984)
Joe Crawford SMITH
v.
STATE of Alabama.
1 Div. 703.
Court of Criminal Appeals of Alabama.
January 31, 1984.
*574 Arthur Leslie, Mobile, for appellant.
Charles A. Graddick, Atty. Gen., and Fred F. Bell, Asst. Atty. Gen., for appellee.
TYSON, Judge.
The appellant was convicted on March 18, 1982, of sexual abuse in the first degree in violation of § 13A-6-66, Code of Alabama, 1975. He was sentenced to ten years in the penitentiary, suspended, and placed on probation for a term of five years.
On June 12, 1983, the appellant was arrested and charged with sexual abuse in the first degree. On June 28, 1983, the district attorney moved to revoke appellant's probation. On this same day, appellant was served by the Sheriff of Mobile County, Alabama, with a copy of the "Notice of Probation Revocation Hearing", which had attached to it appellant's probation officer's "Report on Delinquent Probationer", also filed on June 28, 1983.
The record shows due notice to this appellant of the probation revocation hearing, that he was represented by counsel at said hearing, and that appellant was afforded the opportunity to call and cross-examine witnesses. After the hearing on July 5, 1983, the trial court granted the motion to revoke probation and set aside the suspension of his sentence. From said revocation of probation, appellant prosecutes this appeal.

I
Appellant's first contention is that he was not afforded minimal due process as required in Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975). Appellant specifically argues that there is no "written statement by the trial judge as to the evidence relied on and reasons for revoking probation." This court notes that in the original record, the trial judge failed to set out the reasons and the evidence relied on for revoking appellant's probation. If this were the complete record, it would not comply with the requirements of Armstrong. See, Taylor v. State, 405 So.2d 55 (Ala.Cr. App.1981) [no written statement as to evidence and reasons]; Harden v. State, 396 So.2d 1076 (Ala.Cr.App.1980) [no written statement as to evidence and reasons]; Borst v. State, 377 So.2d 3 (Ala.Cr.App. 1979) [no written statement as to evidence and reasons]; Austin v. State, 375 So.2d 1295 (Ala.Cr.App.1979) [proceedings "wholly deficient" under Armstrong]; Levert v. State, 373 So.2d 1263 (Ala.Cr.App.1979) [insufficient evidence, no written statement as to evidence and reasons].
However, the trial judge in this case supplemented the original record with his written statement conforming to the requirements of Armstrong, supra, as is allowed. A.R.A.P. 10(f). Since this is the state of the record before us, this court must decide any reviewable question by what the record contains, not by what it had before the supplemental was filed. Ballou v. State, 365 So.2d 352 (Ala.Cr.App.1978); Hollins v. State, 415 So.2d 1249 (Ala.Cr.App.1982). We have carefully reviewed the entire record, and find the requirements commanded by Armstrong have been fully complied with by the trial court.

II
The second issue raised by the appellant is whether there may be a revocation of probation for an offense which has been subsequently nolle prosequi. This court has previously held that a probation revocation hearing is not criminal in nature, and therefore neither formal procedures *575 nor formal rules of evidence need be followed by the trial court. Armstrong, supra; Thompson v. State, 356 So.2d 757 (Ala.Cr.App.1978); Goodrum v. State, 418 So.2d 942 (Ala.Cr.App.1982). Steming from this authority, it is clear that a "mere arrest" or the filing of charges in themselves would be insufficient grounds for the revocation of probation. Free v. State, 392 So.2d 857 (Ala.Cr.App.1980), writ denied, 392 So.2d 859 (Ala.1981); Bullock v. State, 392 So.2d 848 (Ala.Cr.App.1980), writ denied, 392 So.2d 852 (Ala.1981); Hill v. State, 350 So.2d 716 (Ala.Cr.App.1977). It is equally clear that no final conviction of a probationer on the offense charged is required before his probation may be revoked. Free v. State, supra; Fiorella v. State, 40 Ala.App. 587, 121 So.2d 875 (1960); Dixon v. State, 42 Ala.App. 341, 164 So.2d 509 (1964). All that is required of the trial judge in a probation revocation hearing is that the court be reasonably satisfied therefrom of the truth of the charge. Armstrong, supra; Goodrum, supra; Carter v. State, 389 So.2d 601 (Ala.Cr. App.1980).
Our examination of the record reveals that there was ample evidence from which the trial court could base its decision and the fact that the case is subsequently nolle prosequi has no bearing on the revocation of probation. The judgment of the trial court is therefore due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur.
BOWEN, Presiding Judge, concurring.
I concur in the majority opinion authored by Judge Tyson. Here, it appears that the trial judge issued a written finding of facts only after probation had been denied and the issue raised on appeal. A.R.A.P. 10(f) is a motion to correct an omission or misstatement in the record. Its purpose is to insure that "the record truly discloses what occurred in the trial court." This rule should not be used to correct an error which the trial judge has committed.