The appellant, Willie James Roberson, pleaded guilty to the unlawful possession of cocaine, in violation of § 13A-12-212,Code of Alabama 1975. He was sentenced to five years in the state penitentiary. This sentence was suspended and the appellant was placed on formal probation for five years.
On May 13, 1989, the appellant's probation officer filed a motion to revoke the appellant's probation. In that motion, the probation officer alleged the following probation violations:
 1. The appellant was arrested for theft of property by deception in the second degree.
 2. The appellant had failed to report to his probation officer for over three months.
 3. The appellant was $420 in arrears on his probation fee.
On April 5, 1990, a revocation hearing was held, at which the State had the burden of proving the three allegations of probation violation. The district attorney began by attempting to prove that the appellant had committed the offense of theft of property by deception in the second degree. During the hearing, the following occurred:
 "THE COURT: . . . I think it's incumbent upon the State to prove that at that time he was not authorized to pick anything up from Weichman's. Are you in a position to prove that or not?
 "MR. ODOM: Your Honor, I understand the nature of the problems with the hearsay testimony and the material nature of the element we're talking about; however, what we're talking about is a police officer and a probation officer and a business man simply making a confirming-type of phone call to determine whether or not such a person came from there. When we consider hearsay it's the — especially in a hearing such as this — what's the reliability of the statement balanced against any prejudice to the defendant as I understand it. And I don't think that we are so encroaching on his evidentiary protections that that should not just simply come in.
 "THE COURT: Of course, that's not for you to judge.
"MR. ODOM: That's my argument, Your Honor.
 "THE COURT: The objection has been made and I'll tell you this, I'll give you an opportunity to get somebody from Weichman's or somewhere to testify he wasn't working and didn't have the authority to do it at a particular time. But so far as somebody saying we made an investigation and said so and so, on something as material as this, in my opinion, I'm not going to allow it like that.
"MR. ODOM: Well, we'll have to do that.
 "MR. GREEN: I'll have to ask for a subpoena, Judge, for Mr. Weichman and ask for personal service.
"THE COURT: He won't come down here without that? *Page 1325 
 "MR. GREEN: I don't know, Judge. I don't believe he was at the preliminary hearing and since Mr. Weichman probably doesn't know anything about the case —
 "THE COURT: Somebody either knows or doesn't know out there that this man is authorized to do something on a particular day. It's just that simple.
 "MR. ODOM: I think all we need to do is find out who the phone call was made to by this man and who Mr. Lavender talked to.
 "MR. GREEN: Mr. Weichman is the only one that can do that.
 "THE COURT: He's not immune to process, is he? Let's get him down here. I'll continue this matter for seven days."
It appears from the record, and in particular the minute entry, that no other testimony was ever taken. On April 30, 1990, the appellant filed a motion to dismiss the motion to revoke his probation. On May 18, 1990, the trial court denied the appellant's motion and, without ever having heard any further testimony, revoked the appellant's probation.
On appeal, the appellant contends that there was insufficient evidence to revoke his probation. After carefully reviewing the record, we must agree. By the trial court's own admission, not only did the State fail to prove that the appellant committed the crime of theft by deception in the second degree, the State never even made mention of the other two allegations of probation violation at the hearing. Although a "mere arrest" or the filing of charges is insufficient to revoke one's probation, a final conviction of a probationer on the offense charged is not required before his probation may be revoked; however, the State must submit enough substantive evidence to reasonably satisfy the trier of facts that a condition of probation was breached. Free v. State, 392 So.2d 857
(Ala.Cr.App. 1980), writ denied, Ex parte Free, 392 So.2d 859
(Ala. 1981), cert. denied, 451 U.S. 990, 101 S.Ct. 2329,68 L.Ed.2d 850, rehearing denied, 452 U.S. 973, 101 S.Ct. 3129,69 L.Ed.2d 985 (1981).
Moreover, where the record contains no written statement by the trial judge as to the evidence relied on and the reasons for revoking a probation, the order revoking probation should be reversed. Borst v. State, 377 So.2d 3 (Ala.Cr.App. 1979). The case action summary says simply that "Probation revoked" and the trial court's order merely states that "the court after hearing the evidence" ordered that probation be revoked. This in no way complies with the requirements of Armstrong v. State,312 So.2d 620 (Ala. 1975).
For the reasons stated above, this case is reversed and remanded to the Mobile County Circuit Court for further proceedings not inconsistent with this opinion. If the trial court in a subsequent hearing should find sufficient evidence to revoke the appellant's probation, then a revocation order meeting the requirement of Armstrong, supra, should be prepared.
REVERSED AND REMANDED.
All the Judges concur.