This is an appeal from a revocation of probation. The appellant, Eric Allen, pleaded guilty and was convicted of theft of property in the first degree in November 1992. In February 1993, his ten-year sentence was suspended and he was placed on probation for two years. In August 1993 his probation was revoked and the following order was entered on the case action summary.
 "Ordered, upon hearing, the Court hears evidence and finds from the evidence that the Defendant has been charged with possession of cocaine, kidnapping and assault, 2nd, while on probation, and the Court finds that he has violated the terms of his probation, is delinquent thereon, and that there is nothing but penitentiary punishment [that] would serve the ends of justice in this cause. It is, therefore, Ordered that the Defendant's probation be and hereby is revoked and the Defendant is Ordered to serve the sentence heretofore imposed by this Court." C.R. 4.
At the conclusion of the revocation hearing, the trial judge stated: "Mr. Allen, I find that you have been charged with possession of cocaine and assault and kidnapping while on probation, and that is a violation of the terms of your probation. . . . [Y]ou've been charged with these offenses and statements have been made, and that in itself is a violation of probation in this case." R. 19.
On this appeal from that revocation, the appellant contends that the order of the circuit court is insufficient "as to the evidence relied on and the reasons for revoking probation." Appellant's brief at 6.
"The judge shall make a written statement or state for the record the evidence relied upon and the reasons for revoking probation." Rule 27.6(f), A.R.Crim.P. This rule is "intended to comply with Armstrong v. State, 294 Ala. 100,312 So.2d 620 (1975), and Gagnon v. Scarpelli,411 U.S. 778 [93 S.Ct. 1756, 36 L.Ed.2d 656] (1973)." Committee Comments to Rule 27.6.
 "Section (f) is included to give a reviewing court a basis for evaluating the revocation hearing and decision. Both Gagnon, supra, and Armstrong, supra, require that a written statement be made as to the evidence relied upon and the reasons for revoking probation. A written judgment entry would constitute a sufficient written statement." Id.
We find that the reasons given by the trial judge are not sufficient to support the revocation of probation. A "mere arrest" or *Page 46 
the filing of charges is an insufficient basis for revoking one's probation. Roberson v. State, 572 So.2d 1323,1325 (Ala.Cr.App. 1990); Free v. State, 392 So.2d 857,859 (Ala.Cr.App. 1980), cert denied, 392 So.2d 859
(Ala.), cert. denied, 451 U.S. 990, 101 S.Ct. 2329,68 L.Ed.2d 850 (1981). See also Gates v. State,629 So.2d 719, 720 (Ala.Cr.App. 1993) ("[t]he appellant admitted at the hearing that he had been arrested in Georgia; however, a 'mere arrest' or the filing of charges is an insufficient basis for revoking probation").
 "This court has previously held that a probation revocation hearing is not criminal in nature, and therefore neither formal procedures nor formal rules of evidence need be followed by the trial court. Armstrong, supra; Thompson v. State, 356 So.2d 757 (Ala.Cr.App. 1978); Goodrum v. State, 418 So.2d 942
(Ala.Cr.App. 1982). Stemming from this authority, it is clear that a 'mere arrest' or the filing of charges in themselves would be insufficient grounds for the revocation of probation. Free v. State, 392 So.2d 857 (Ala.Cr.App. 1980), writ denied, 392 So.2d 859 (Ala. 1981); Bullock v. State, 392 So.2d 848
(Ala.Cr.App. 1980), writ denied, 392 So.2d 852 (Ala. 1981); Hill v. State, 350 So.2d 716 (Ala.Cr.App. 1977). It is equally clear that no final conviction of a probationer on the offense charged is required before his probation may be revoked. Free v. State, supra; Fiorella v. State, 40 Ala. App. 587, 121 So.2d 875 (1960); Dixon v. State, 42 Ala. App. 341, 164 So.2d 509 (1964). All that is required of the trial judge in a probation revocation hearing is that the court be reasonably satisfied therefrom of the truth of the charge. Armstrong, supra; Goodrum, supra; Carter v. State, 389 So.2d 601
(Ala.Cr.App. 1980)."
Smith v. State, 445 So.2d 573, 574-75
(Ala.Cr.App. 1984). The record contains no statement by the trial judge that he was reasonably satisfied that the appellant was guilty of the charged offenses. In fact, the record indicates that the trial judge considered the fact that the appellant had been charged with an offense to be a sufficient basis for the revocation.
Therefore, the order of the circuit court revoking the appellant's probation is reversed and this cause is remanded for further proceedings.
REVERSED AND REMANDED.
All Judges concur.