PATTERSON, Judge.
The appellant, Thomas Wayne Wade, appeals the trial court’s order revoking his probation. Wade was originally convicted of assault in the second degree and was sentenced to 10 years’ imprisonment. The sentence was split, and he was ordered to serve 12 months in the Madison County work release program and was placed on 2 years’ probation. The balance of his sentence was suspended. See § 15-18-8, Ala. Code 1975. While serving his probation, Wade was arrested for possessing cocaine. The state has asked us to remand this cause to the circuit court for a determination of whether the trial court is reasonably satisfied of the truth of the charge that supported the defendant’s arrest for possession of cocaine. We agree with the state. The “mere” fact that a probationer has been arrested is an insufficient reason to revoke his probation. See Allen v. State, 644 So.2d 45 (Ala.Cr.App.1994).
Before revoking probation because the probationer had been arrested, the trial court must be reasonably satisfied that the underlying charge against the probationer is true. See Smith v. State, 445 So.2d 573 (Ala.Cr.App.1984). In this, the trial court did not indicate that it was reasonably satisfied that Wade was guilty of possession of cocaine. In the probation hearing, Wade was asked simply if he had in fact been arrested for possession of cocaine. Wade admitted to being arrested, but he contended that he was not guilty.
Therefore, this cause is remanded to the trial court to enter specific findings as to whether or not the trial court is reasonably satisfied that Wade is guilty of the charge for which he was arrested. If the trial court finds that it is not reasonably satisfied that Wade is guilty of the charge for which he was arrested, it should set aside its order of revocation. If necessary, the trial court should hold another hearing to make the required determination. The trial court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time within 60 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.
All Judges concur.