ON RETURN TO REMAND

McMILLAN, Judge.
We remanded this cause for the trial court to state the evidence it relied upon in revoking the appellant’s probation and its reasons for the revocation. The trial court has now filed its return, which states, in pertinent part, that the revocation was based upon evidence that the appellant was arrested. There was testimony at the revocation hearing to the effect: (1) that on or about October 2, 1993, the appellant was in possession of a loaded pistol; (2) that he concealed this weapon in his right front pocket; and (3) that he was so intoxicated that he was a danger to himself or to others. The trial court states as the reason for the revocation that each of these offenses was a “violation of the law.”
The appellant contended that his arrest on the first two of these offenses was illegal, because it was the result of an allegedly improper search. However, because the trial court need be only reasonably satisfied that the charges are true in order to revoke a defendant’s probation, Smith v. State, 445 So.2d 573 (Ma.Cr.App.1984), and because the *990 evidence of the third charge was uncontested, the trial court’s order of revocation was proper. The judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
All Judges concur.