TAYLOR, Presiding Judge,
concurring in result.
I concur with the majority’s decision to remand this case for the trial court to make findings of fact, as to why it revoked Charles Leon Roberts’s probation. However, I fear that the limited instructions given by this court will result in a second remand to the trial court.
As this court stated in Roberson v. State, 572 So.2d 1323, 1325 (Ala.Cr.App.1990):
“Although a ‘mere arrest’ or the filing of charges is insufficient to revoke one’s probation, a final conviction of a probationer on the offense charged is not required before his probation may be revoked; however, the State must submit enough substantive evidence to reasonably satisfy the trier of facts that a condition of probation was breached. Free v. State, 392 So.2d 857 (Ala.Cr.App.1980), writ denied, Ex parte Free, 392 So.2d 859 (Ala.1981), cert. denied, 451 U.S. 990, 101 S.Ct. 2329, 68 L.Ed.2d 850, rehearing denied, 452 U.S. 973, 101 S.Ct. 3129, 69 L.Ed.2d 985 (1981).”
This court, relying on the United States Supreme Court cases of Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), has frequently remanded cases to the trial court so that the trial court could make written findings of facts as to the reasons for revoking probation. When a reason for revocation is a subsequent arrest by the probationer on another charge, the trial court must state the evidence presented concerning the new charge. This was not done in this ease, and I am afraid that without specific instructions to do so, it may not be done on remand.