On Return from Remand

PATTERSON, Judge.
The appellant, Joe Nathan James, appeals from the revocation of his probation for his 1991 convictions for receiving stolen property, first degree theft, and unlawful breaking and entering. The trial court entered a written order, after a hearing on the revocation, which stated, “After the hearing the Court was satisfied from the testimony as presented by witness, Tammy Snead, and the testimony of same, that the Petitioner had violated the terms of his probation.” However, that statement did not supply an adequate *1296 reason for the court’s revocation. On June 21, 1996, we remanded this matter to the trial court so that it could enter a written statement indicating the evidence upon which the court relied in making its determination to revoke James’s probation and demonstrating that the court was “reasonably satisfied that the appellant was guilty of the charged offenses.” Allen v. State, 644 So.2d 45, 46 (Ala.Cr.App.1994); Rule 27.6(f), Ala. R.Crim.P.
The court stated in its order on return from remand that Tammy Snead, who was an eyewitness to the murder of Faith Eski Hall, testified regarding her version of how that murder,' which was the offense that caused James’s probation to be revoked, occurred. Based upon Ms. Snead’s testimony, the trial court held:
“The Court, after having heard the testimony of witness Tammy Sneed [sic] ... was satisfied that the Petitioner had violated the terms of his probation by committing a capital murder and pursuant to said hearing and the evidence presented to the Court, the Court did revoke the Petitioner’s probation in each of the cases as aforementioned and sentenced the Petitioner to the penitentiary in each case.”
(Court’s written order dated August 9, 1996). That order adequately states both the evidence upon which the court relied in its decision to revoke James’s probation and the trial court’s satisfaction that James is guilty of the charged offense of. capital murder. The trial court’s written order thus complies with Rule 27.6(f), Ala.R.Crim.P.
AFFIRMED.
All Judges concur.