McMILLAN, Judge.
The appellant, Jeremy Keith Stephenson, appeals from a revocation of probation. The appellant was arrested on February 20,1996, and was charged with unlawful possession of a controlled substance. On April 29,1996, the trial court issued the following order revoking the appellant’s probation:
“Upon consideration of the supervisor’s report on delinquent probationer and the oral testimony offered in the revocation hearing held in this cause on April 25, 1996, the Court hereby finds that the defendant has violated the terms and conditions of his probation heretofore imposed by the Court on September 30, 1994, in that he has been arrested by the Alabama Bureau of Investigation and charged with three cases of unlawful possession of a controlled substance in Marion County, Alabama.”
*490 The appellant contends that the order of the trial court is insufficient to support his probation revocation. More particularly, he argues that “mere arrest” is an insufficient basis for revoking his probation.
In Allen v. State, 644 So.2d 45 (Ala.Cr.App.1994), this Court stated:
“ ‘The judge shall make a written statement or state for the record the evidence relied upon and the reasons for revoking probation.’ Rule 27.6(f), A.R.Cr.P. This rule is ‘intended to comply with Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), and Gagnon v. Scarpelli, 411 U.S. 778 [93 S.Ct. 1756, 36 L.Ed.2d 656] (1973).’ Committee Comments to Rule 27.6.
“ ‘Section (f) is included to give a reviewing court a basis for evaluating the revocation hearing and decision. Both Gagnon, supra, and Armstrong, supra, require that a written statement be made as to the evidence relied upon and the reasons for revoking probation. A written judgment entry would constitute a sufficient written statement.’ Id.”
In Allen, this Court held that a “mere arrest” or the filing of charges is an insufficient basis for revoking probation. However, because a probation revocation hearing is not criminal in nature, neither formal procedures nor formal rules of evidence need be followed by the trial court. See also Roberson v. State, 572 So.2d 1323, 1325 (Ala.Cr.App.1990).
Here, the reasons given by the trial court are insufficient to support the revocation of probation. Additionally, the trial court’s order fails to contain a statement that it was reasonably satisfied that the appellant was guilty of the charged offense. In fact, the record indicates that the trial court “presumed the defendant to be innocent of the charges” during the revocation proceedings. “Before revoking probation because the probationer had been arrested, the trial court must be reasonably satisfied that the underlying charge against the probationer is true.” Wade v. State, 652 So.2d 335 (Ala.Cr.App.1994). See also Smith v. State, 445 So.2d 573 (Ala.Cr.App.1984).
Therefore, this cause is remanded to the trial court to enter specific findings as to the evidence relied upon and the reasons for revoking the appellant’s probation, including a statement as to whether it is reasonably satisfied that the charges against the appellant are true. The trial court shall make due return to this Court at the earliest possible time within 60 days of the release of this opinion.
REMANDED WITH INSTRUCTIONS.
All judges concur.

On Return to Remand

McMILLAN, Judge.
On June 20, 1997, we remanded this cause to the trial court for that court to enter specific findings as to the evidence relied upon and the reasons for revoking the appellant’s probation, including a statement as to whether the court was reasonably satisfied that the charges against the appellant are true.
Pursuant to those instructions, the trial court issued an order stating that “[t]he court is reasonably satisfied by the evidence that the underlying charge of unlawful possession of a controlled substance pending in the Circuit Court of Marion County, Alabama, is true.” Because the trial court failed to include in its order the evidence it relied upon and the reasons for revoking the appellant’s probation, this cause must be again remanded to the trial court to enter specific findings as to the evidence relied upon and the reasons for revoking the appellant’s probation.
REMANDED WITH INSTRUCTIONS.
All judges concur.

On Second Return to Remand

McMILLAN, Judge.
On September 26, 1997, we remanded this cause for a second time for the trial court to enter specific findings as to the evidence relied upon and the reasons for revoking the appellant’s probation. The trial court’s first revocation order contained a statement that the appellant’s probation had been revoked because of an arrest for unlawful possession *491 of a controlled substance, but it failed to specify the evidence the trial court relied upon in revoking the appellant’s probation.
Pursuant to those instructions, the trial court issued an amended order stating that the evidence relied upon included “consideration of the Supervisor’s Report of Delinquent Probationer and the testimony of Officers Jonathan Pratt of the Alabama Bureau of Investigation and Vaughn Ivy of the Russellville Police Department [and, therefore,] the Court is reasonably satisfied that the underlying charges of unlawful possession of a controlled substance pending in the Circuit Court of Marion County, Alabama, and the Circuit Court of Franklin County, Alabama, are true.”
Because the trial court’s amended order sufficiently states the reasons for revoking probation and the evidence relied upon, its judgment is affirmed.
AFFIRMED.
All judges concur.