BASCHAB, Judge.
The appellant, John Peeterse, III, was convicted of criminal trespass in the Houston County District Court. The district court sentenced him to 12 months hard labor and suspended that sentence. On September 23, 1997, the district court revoked the appellant’s suspended sentence. The appellant filed a petition for a writ of certiorari in the Houston County Circuit Court. The circuit court affirmed the probation revocation, and this appeal followed.
The appellant argues that the circuit court erred in affirming his probation revocation, asserting that the record does not show that the district court held a probation revocation hearing. Rule 27.6, Ala. R.Crim. P., requires the sentencing court to conduct a hearing to determine whether probation should be revoked, unless the probationer has waived his right to a hearing under Rule 27.5(b). The record does not show that the district court held a revocation hearing, nor does it reflect that the appellant waived his right to a revocation hearing. Furthermore, the district court’s written revocation order does not satisfy the requirements of Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), and Wyatt v. State, 608 So.2d 762 (Ala.1992).
The record does not show that the appellant presented his remaining arguments to the district court. “ ‘It is the appellant’s duty to provide this court with a complete record on appeal’ McCray v. State, 629 So.2d 729, 733 (Ala.Cr.App.1993); Knight v. State, 621 So.2d 394 (Ala.Cr.App.1993).” *1043 Jordan v. City of Huntsville, 667 So.2d 163, 155 (Ala.Cr.App.1995). Therefore, these issues are not preserved for our review. Puckett v. State, 680 So.2d 980 (Ala.Cr.App.1996).
The State asks that we remand this cause to determine whether the district court actually held a revocation hearing and to instruct the district court to enter an adequate written revocation order. Therefore, we remand this cause to the circuit court with directions that the circuit court remand this cause to the district court for proceedings consistent^ with this opinion. On remand, the circuit court shall direct the district court to make specific findings as to whether it held a probation revocation hearing or whether the appellant waived his right to a hearing.
If the district court held a revocation hearing, or if the appellant waived his right to such a hearing, the district court shall enter a new written revocation order that specifically states the evidence relied upon in revoking the appellant’s probation and the reasons for revoking the appellant’s probation. The revocation order should also reflect that the probation violations have been proven to the reasonable satisfaction of the district court. “Amere arrest’ or the filing of charges is an insufficient basis for revoking one’s probation.” Allen v. State, 644 So.2d 45, 45-46 (Ala.Cr.App.1994) (citations omitted). Rather, the sentencing court must be “ ‘reasonably satisfied [from the evidence] of the truth of the charge.’” Allen, 644 So.2d at 46 (quoting Smith v. State, 445 So.2d 573, 574-75 (Aa.Cr.App.1984)).
If the district court did not hold a revocation hearing and the appellant did not waive his right to a probation revocation hearing, the district court shall set aside the revocation order and conduct a revocation hearing. In conducting the revocation hearing, we caution the district court to comply with the due process requirements set forth in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975); and Rule 27, Aa. R.Crim. P.
Upon return from the district court, the circuit court shall conduct a certiorari review of the district court’s actions. If the circuit court finds that the district court’s actions were proper, then it may “affirm” the district court’s action.
REVERSED AND REMANDED.
LONG, P.J., and McMILLAN, COBB, and BROWN, JJ., concur.