The appellant, Tony Allen Attaway, appeals from the Etowah Circuit Court's revocation of his probation. The record reveals that Attaway was charged with one count of unlawful breaking and entering a motor vehicle, a violation of § 13A-8-11(b), Ala. Code 1975, and one count of second-degree theft, a violation of § 13A-8-4, Ala. Code 1975. On February 22, 1994, Attaway pleaded guilty to both offenses. He was sentenced as a habitual offender with three prior felony convictions to concurrent 15-year terms of imprisonment; the sentences were split and he was sentenced to concurrent terms of 2 years' imprisonment, with the balance of the sentences to be served on supervised probation. The court also ordered Attaway to pay court costs, attorney fees, a $50 assessment to the Crime Victims Compensation Fund for each conviction, and $608 in restitution resulting from the theft conviction.
On January 23, 2002, Attaway's probation officer filed a delinquency report, alleging that Attaway had failed to comply with the conditions of his probation, namely, that he had been arrested and charged with a number of new offenses. The delinquency report also alleged that Attaway had failed to pay court-ordered moneys and supervision fees. Following a two-part revocation hearing on February 20, 2002, and March 21, 2002, the circuit court revoked Attaway's probation. The revocation order stated:
 "The Court finds from substantial evidence and testimony that the Defendant has failed to comply with the terms and conditions of his/her probation, to-wit:
 "Charge No. 1, Violation of Condition No. 1, New Offense — Burglary 3rd;
 "Charge No. 2, Violation of Condition No. 1, New Offense — Theft of Property, 3rd;
 "Charge No. 3, Violation of Condition No. 1, New Offense — Resisting Arrest;
 "Charge No. 4, Violation of Condition No. 1, New Offense — Disorderly Conduct;
 "Charge No. 5, Violation of Condition No. 15, Pay Fines, Court Costs, Restitution, Assessments and other court-ordered monies.
 "The Court finds there is sufficient proof that the Defendant breached the *Page 1213 
foregoing condition(s) of his probation, and it is ordered that the Defendant's probation be revoked and the Defendant is to commence serving the sentence imposed by this Court."
(C. 40.) This appeal followed.
Attaway contends that the circuit court's revocation of his probation should be reversed because, he says, (1) the State failed to present sufficient evidence indicating that he had violated the conditions of his probation, and (2) the court's order revoking his probation was deficient because it did not contain a statement of the evidence relied on and the reasons for revoking his probation.
Attaway's claim that the State failed to present sufficient evidence that he violated the conditions of his probation is being raised for the first time on appeal.
 "The general rules of preservation apply to probation revocation hearings. Puckett v. State, 680 So.2d 980, 983 (Ala.Cr.App. 1996), citing Taylor v. State, 600 So.2d 1080, 1081 (Ala.Cr.App. 1992). This Court `has recognized, in probation revocation proceedings, only two exceptions to the general rule that issues not presented to the trial court are waived on appeal: (1) the requirement that there be an adequate written order of revocation . . ., and (2) the requirement that a revocation hearing actually be held.' Puckett, 680 So.2d at 983."
Owens v. State, 728 So.2d 673, 680 (Ala.Crim.App. 1998). This Court has also held that a defendant can raise for the first time on appeal the allegation that the trial court erred in failing to advise him of his right to request an attorney to represent him during probation-revocation proceedings. See Law v. State, 778 So.2d 249, 250 (Ala.Crim.App. 2000).
Although Attaway filed a motion requesting that the court reconsider its decision to revoke his probation, he did not raise sufficiency of the evidence as a reason his probation revocation should be reconsidered. Because he did not present this claim below, and because it is not one of the three exceptions this court has recognized as claims that can be raised for the first time on appeal, nothing has been preserved for appellate review.
Attaway also claims that the circuit court's order revoking his probation is deficient because it does not meet the requirements ofArmstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975). Although this issue is also raised for the first time on appeal, it is one of the three exceptions to the general-preservation requirement and, therefore, is properly before this Court for review.
Before probation can be revoked, the circuit court must provide a written order stating the evidence and the reasons relied upon to revoke probation in order to comply with the due-process requirements of Gagnonv. Scarpelli, 411 U.S. 778 (1973). Wyatt v. State, 608 So.2d 762 (Ala. 1992); Armstrong v. State, supra. "These requirements offer the probationer some protection from an abuse of discretion by the trial court, aid an appellate court in reviewing a revocation, and prevent future revocations based on the same conduct." T.H.B. v. State,649 So.2d 1323, 1324 (Ala.Crim.App. 1994).
A written order revoking probation satisfies due-process requirements when that order states that the defendant's probation was revoked based on the probationer's conviction of a new criminal offense. See Trice v.State, 707 So.2d 294, 297 (Ala.Crim.App. 1997). However, in Hunter v.State, 782 So.2d 845 (Ala.Crim.App. 2000), this Court remanded a case when it could not determine from the written *Page 1214 
order whether the trial court had revoked the defendant's probation because it was reasonably satisfied that the probationer was guilty of the charged offense or because of the mere fact that he had been arrested and charged with a new offense. In Hunter, we stated:
 "`On revocation hearings, the standard of proof is not reasonable doubt, but reasonable satisfaction from the evidence.' Thompson v. State, 356 So.2d 757, 760
(Ala.Crim.App. 1978). While certain statements that the trial court made for the record at the conclusion of the revocation hearing strongly suggest that the trial court was indeed reasonably satisfied that Hunter was guilty of DUI [driving under the influence], we are unable to tell from the trial court's written order of revocation whether the court revoked Hunter's probation because it was reasonably satisfied that Hunter was guilty of the charged offense or because of the mere fact that Hunter was arrested and charged with DUI. . . . '"A `mere arrest' or the filing of charges is an insufficient basis for revoking one's probation."' Clayton v. State, 669 So.2d 220, 221 (Ala.Crim.App. 1995), quoting Allen v. State, 644 So.2d 45, 46 (Ala.Crim.App. 1994). `Before revoking probation because the probationer has been arrested, the trial court must be reasonably satisfied that the underlying charge against the probationer is true.' Wade v. State, 652 So.2d 335, 336 (Ala.Crim.App. 1994)."
782 So.2d at 846 (footnote omitted).
In the instant case, one reason given in the circuit court's written order for revoking Attaway's probation was the fact that he had a number of new criminal charges pending against him. However, the court's order does not set out the specific evidence it relied upon in reaching its decision to revoke Attaway's probation. Thus, the order was insufficient to comply with the requirements of Rule 27.6(f), Ala.R.Crim.P., andArmstrong v. State. Indeed, even the State acknowledges that the circuit court's revocation order is deficient because it failed to refer to the specific evidence that led the court to conclude that there was "sufficient proof" to revoke probation.
Based on the foregoing, we remand this cause to the circuit court for that court to enter a new order reflecting the evidence relied upon, as well as the reason or reasons for revoking Attaway's probation. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 42 days of the release of this opinion.
REMANDED WITH DIRECTIONS.*
McMillan, P.J., and Cobb and Baschab, JJ., concur. Shaw, J., concurs in the result.
* Note from the reporter of decisions: On February 21, 2003, on return to remand, the Court of Criminal Appeals affirmed, without opinion. *Page 1215