McMILLAN, Presiding Judge.
On August 28, 2000, the appellant, Derrick T. Calhoun, pleaded guilty to robbery in the second degree. The trial court sentenced him to five years’ imprisonment; that sentence was split, and he was ordered to serve two years of the sentence. The court suspended the sentence on the condition that Calhoun serve up to 180 days and that he successfully complete Boot Camp. On February 11, 2001, the court conducted a revocation hearing, because Calhoun had been charged with the new offenses of robbery in the first degree and attempted murder. After the hearing, the court placed Calhoun on “delinquent status.” On January 24, 2002, the court conducted a second revocation proceeding, in which Calhoun admitted that he had been arrested for the offenses of robbery in the first degree and for capital murder, the latter offense resulting from the upgrade of the original charge of attempted murder. After a hearing, the court revoked Calhoun’s probation and ordered him to serve his original five-year sentence of his conviction for second-degree robbery.
Calhoun contends that the trial court revoked his probation based on insufficient evidence and for an insufficient reason. He argues that the record is devoid of any testimony or other evidence to indicate that he was in fact guilty of the new charges and that a mere arrest on new charges is an insufficient reason for revoking his probation.
Rule 27.6(f), Ala. R.Crim. P., states that “[t]he [trial] judge shall make a written statement or state for the record the evidence relied upon and the reasons for revoking probation.” Here, the court’s written order of revocation states: “[D]ef[endant] admitted new arrests for (1) Robbery I [and] (2) Capfital] Murder. [Defendant’s probation revoked and 5 y[ear] sentence] reinstated.” This order is insufficient to support revocation.
The trial court’s original order of probation provided, in pertinent part: “The defendant’s probation is conditioned on the defendant’s] complying with the following conditions of probation: [1] The defendant shall not be arrested for any further offenses.” (Emphasis added.) Despite the language contained in the first condition, a mere arrest is an insufficient ground for revoking probation. “While it is not necessary that a probationer be convicted of the charged offense before his probation is revoked, it is nevertheless true that the filing of charges or an arrest, standing alone, is insufficient ground for probation revocation.” Mitchell v. State, 462 So.2d 740, 742 (Ala.Crim.App.1984).
“If merely being arrested is sufficient for revocation of probation, then revocation would lie within the discretion of police officers rather than with judicial officers. In such a case, judges would only perform the ministerial duty of determining if an arrest had been made and then signing the revocation order. The decision to revoke probation is a judicial function and should be based upon the appellant’s conduct and not upon an accusation only. The State must submit enough substantive evidence to reasonably satisfy the trier of the facts that a condition of probation was breached.”
Hill v. State, 350 So.2d 716, 718 (Ala.Crim.App.1977).
Here, the only evidence before the trial court was Calhoun’s admission that he had been arrested for two new offenses. Calhoun told the court that he was inno *1211 cent of those charges, and no evidence of his guilt was presented at the hearing. In Allen v. State, 644 So.2d 45 (Ala.Crim.App.1994), this court reversed the circuit court’s revocation order and remanded the case under similar circumstances. We specifically noted that the record contained no statement by the trial judge that he was reasonably satisfied that the appellant in that case was guilty of the charged offenses and, in fact, indicated that he considered the fact that the appellant had been charged with an offense to be a sufficient basis for revoking probation. Here, similarly, the trial judge failed to state that she was reasonably satisfied that Calhoun was guilty of the new offenses. Her original order of probation indicates that she also erroneously believed that the fact that a probationer was arrested was a sufficient ground for revoking the probationer’s probation. Therefore, this cause must be remanded.
Moreover, in his brief, Calhoun also contends that the trial court erred in revoking his probation without informing him of his right to counsel, as provided in Rule 27.6, Ala. R.Crim. P. He argues that he made a colorable claim that he did not commit the additional offenses by telling the trial court that he was innocent of the new charges. The record indicates that the trial court did not make a determination as to whether the appellant was entitled to counsel in the present case.
This cause must be remanded for the trial court to set aside its order of revocation and conduct a new hearing. At that hearing, the court must advise Calhoun of his right to request counsel. If Calhoun requests counsel and the court determines that counsel is not required, the court must set forth its findings in a written order. If the court determines that probation should be revoked, the court must set forth the evidence and reasons for the revocation in a written order which fully complies with Rule 27.6(f), Ala. R.Crim. P. Due return to remand shall be filed within 42 days of the date of this opinion.
REMANDED WITH DIRECTIONS. 
COBB, SHAW, and WISE, JJ„ concur. BASCHAB, J., concurs in the result.