Rel: June 28, 2024

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# Alabama Court of Criminal Appeals

## OCTOBER TERM, 2023-2024

―――――――――――――――――

## CR-2023-0851

―――――――――――――――――

## Daurel Eugene Kelly

## v.

## State of Alabama

## Appeal from Baldwin Circuit Court
## (CC-20-169.70)

MINOR, Judge.

This appeal requires us to determine if the Baldwin Circuit Court erred in revoking Daurel Eugene Kelly's probation solely because he was arrested for new offenses. For the reasons below, we reverse the circuit

court's judgment and remand this case to the circuit court for proceedings consistent with this opinion.

## FACTS AND PROCEDURAL HISTORY

It appears from the limited record on appeal that Kelly began serving his term of probation in April 2022 after being convicted of felony driving under the influence, see § 32-5A-191(h), Ala. Code 1975.[1] (C. 2; R. 13.) At some point after his probation began, Kelly was transferred to the Guntersville Probation Office. (R. 13.)

Although there are no delinquency reports in the record on appeal, it appears that Officer Debra Hartman with the Marshall County Probation Office filed a delinquency report alleging that Kelly was arrested in November 2022 for public intoxication and that Officer Shannon Hale with the Marshall County Probation Office filed a delinquency report in July 2023 alleging that Kelly was arrested in June 2023 for attempting to elude law enforcement and leaving the scene of an accident with injuries. (R. 14.) In October 2023, the circuit court held a

---

[1]Kelly asserts, and the State does not dispute, that the circuit court sentenced Kelly to 8 years' imprisonment, split to serve 19 months' imprisonment followed by 3 years' supervised probation. (Kelly's brief, p. 3; State's brief, p. 1.)

revocation hearing at which it heard testimony from Justin Marsh, a probation officer with the Alabama Bureau of Pardons and Paroles, and Matthew Smith, a police officer with the Albertville Police Department. Off. Marsh testified that, in April 2022, Kelly signed an order acknowledging his receipt of the rules and regulations of his probation. Off. Smith testified that he arrested Kelly in June 2023 for attempting to elude law enforcement and for leaving the scene of an accident with injuries, and he testified to the circumstances of the alleged offenses. (R. 3-12.) The State presented no evidence about the events underlying Kelly's arrest for public intoxication.

At the end of the revocation hearing, the circuit court stated:

"Okay. All right. As to charge number one, there was not any evidence submitted as to the charge of public intoxication, so that charge will be dismissed. However, as to charges two and three of the supplemental report, based on the testimony of Officer Smith from Albertville Police Department and Officer Justin Marsh of the Alabama Bureau of Pardons and Paroles, the Court is reasonably satisfied from the evidence that [Kelly] did violate the terms and conditions of his probation based on the arrests in Albertville for attempting to elude and leaving the scene of an accident with injury.

"Court does find that there is sufficient nonhearsay evidence that has been presented at the hearing to support this finding of revocation, and I am going to go ahead and order at this time that, Mr. Kelly, you serve out your sentence

of eight years in the Alabama Department of Corrections. And any and all time you've been awaiting the hearing today will be credited toward that eight-year sentence at this time."

(R. 19.) The same day, the circuit court issued a written order of revocation:

"This matter having been set for hearing on probation revocation on October 12, 2023, and [Kelly] having appeared with counsel, James Coleman, and denying the allegations of the probation revocation, and upon testimony presented, it is therefore the finding of this Court that [Kelly] was arrested on new charges of Public Intoxication, Attempt to Elude, and Leaving the Scene of an Accident, which is a violation of the conditions of [Kelly's] probation, therefore it is hereby

"ORDERED that [Kelly's] probation is due to be and is hereby revoked and [Kelly] is committed to the custody of the Director of the Alabama Department of Corrections to serve the balance of his original 8-year sentence. [Kelly] is to be given credit for any time served on this case."

(C. 5.) Kelly timely appealed.

## DISCUSSION

On appeal, Kelly argues, among other things, that the circuit court erred by revoking his probation solely because he was arrested for new offenses while on probation.[2] We agree.

---

[2]Because we reverse Kelly's probation revocation on this basis, we do not address the remaining issues Kelly raises on appeal.

This Court recently addressed a similar issue in Nelson v. State, 331 So. 3d 1194 (Ala. Crim. App. 2021), in which the Montgomery Circuit Court revoked Jamon Drekez Nelson's probation after a hearing at which the State presented evidence from which the circuit court found that Nelson had violated the conditions of his probation by being arrested for new criminal offenses. On appeal, Nelson argued that the circuit court erred when it revoked his probation solely because he was arrested for new offenses while on probation. Relying on Allen v. State, 644 So. 2d 45 (Ala. Crim. App. 1994), this Court agreed, noting that merely having "been arrested for new offenses … is not a sufficient basis for revoking probation." Nelson, 331 So. 3d at 1197; id. at 1196 ("[A]lthough '"no final conviction of a probationer on the offense charged is required before his probation may be revoked,"' Allen, 644 So. 2d at 46 (quoting Smith v. State, 445 So. 2d 573, 575 (Ala. Crim. App. 1984)), a '"mere arrest" or the filing of charges is an insufficient basis for revoking one's probation.' Id. at 45-46 (quoting Roberson v. State, 572 So. 2d 1323, 1325 (Ala. Crim. App. 1990)).").  This Court added that "[t]he fact that an arrest is not a sufficient basis for the revocation of probation is true even if probation is conditioned upon the probationer's not being arrested for new offenses."

5

Id. at 1197 (citing Calhoun v. State, 854 So. 2d 1209, 1210 (Ala. Crim. App. 2002)).  Thus, this Court reversed the order revoking Nelson's probation because "the circuit court did not find that it was reasonably satisfied that Nelson had committed the new offenses for which he had been arrested but, instead, revoked Nelson's probation based solely on the fact that Nelson had been arrested for those offenses."  Id. at 1197.

The circuit court's order revoking Kelly's probation does not state that the court was reasonably satisfied that Kelly had committed the new offenses of public intoxication, attempting to elude law enforcement, and leaving the scene of an accident with injuries.  Instead, the circuit court's order bases the revocation of Kelly's probation on the court's finding that Kelly had been arrested for new offenses, which, as noted above, is not a proper basis for revoking probation, Nelson, supra, and the State concedes this fact in its brief on appeal.  (State's brief, p. 5) ("[T]he trial court's order of revocation … stated that it was satisfied that Kelly had been arrested for new charges as opposed to having actually committed the new offenses to the reasonable satisfaction of the trial court.").  "[A] circuit court must be '"reasonably satisfied … of the truth of the charge"' before it can revoke probation based on an allegation that the probationer

6

has committed the new offense with which he or she was charged."

Nelson, 331 So. 3d at 1196-97 (emphasis added in Nelson) (quoting Allen, 644 So. 2d at 46, quoting in turn, Smith, 445 So. 2d at 575). And while the circuit court's revocation order states that Kelly's being arrested for new offenses violated the conditions of Kelly's probation, that finding is still not a sufficient basis for revoking Kelly's probation. See Nelson, supra. This Court has stated:

> "'If merely being arrested is sufficient for revocation of probation, then revocation would lie within the discretion of police officers rather than with judicial officers. In such a case, judges would only perform the ministerial duty of determining if an arrest had been made and then signing the revocation order. The decision to revoke probation is a judicial function and should be based upon the appellant's conduct and not upon an accusation only. The State must submit enough substantive evidence to reasonably satisfy the trier of the facts that a condition of probation was breached.'"

Calhoun, 854 So. 2d at 1210 (quoting Hill v. State, 350 So. 2d 716, 718 (Ala. Crim. App. 1977)). Thus, because the circuit court revoked Kelly's probation based solely on the fact that Kelly had been arrested for new offenses but did not indicate that it was reasonably satisfied that Kelly had committed the new offenses for which he had been arrested, we reverse the circuit court's order revoking Kelly's probation.

7

The State asks this Court to remand the case because, it says, the circuit court's revocation order fails to meet Rule 27.6(f), Ala. Crim. P., which states: "The judge shall make a written statement or state for the record the evidence relied upon and the reasons for revoking probation."

> "In <u>McCoo v. State</u>, 921 So. 2d 450, 462 (Ala. 2005), the Alabama Supreme Court relaxed the requirements of a written probation-revocation order and this court's review of that order:
>
>> "'[T]he requirement of <u>Wyatt[ v. State</u>, 608 So. 2d 762 (Ala. 1992),] and its associated cases— that the trial court enter a written order stating its reasons for the revocation and the evidence relied upon regardless of the state of the record— is no longer applicable. Henceforth, the Court of Criminal Appeals may determine, upon a review of the record, whether the requisite Rule 27.6(f)[, Ala. R. Crim. P.,] statements are presented by that record. Thus, the Court of Criminal Appeals may examine the record and conclude that "oral findings, if recorded or transcribed, can satisfy the requirements of <u>Morrissey[ v. Brewer</u>, 408 U.S. 471, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972),] when those findings create a record sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon." [<u>United States v. ]Copeland</u>, 20 F.3d [412,] 414 [(11th Cir. 1994)].'"

<u>Williams v. State</u>, 138 So. 3d 342, 344 (Ala. Crim. App. 2013). <u>See also</u> <u>Ex parte Garlington</u>, 998 So. 2d 458, 458-59 (Ala. 2008) ("In order to meet

the requirements of Rule 27.6(f), as well as those of constitutional due process, it is 'the duty of the trial court to take some <u>affirmative action</u>, either by a statement recorded in the transcript or by written order, to state its reasons for revoking probation, with appropriate reference to the evidence supporting those reasons.' <u>McCoo [v. State</u>], 921 So. 2d [450,] 462 [(Ala. Crim. App. 2005)] (emphasis added).").

The State is correct that the circuit court's <u>written</u> "order of revocation failed to state the specific evidence that it relied upon in revoking Kelly's probation." (State's brief, p. 5.) Even so, the circuit court stated <u>orally</u> at the revocation hearing that "based on the testimony of Officer Smith from Albertville Police Department and Officer Justin Marsh of the Alabama Bureau of Pardons and Paroles, the Court is reasonably satisfied from the evidence that [Kelly] did violate the terms and conditions of his probation" because he was arrested for new offenses. (R. 19.) Thus, a review of the record shows that the circuit court's findings were sufficient to comply with Rule 27.6(f), Ala. R. Crim. P., and there is no need to remand this case, as the State argues, for the circuit

court "to issue a revised written order clarifying the evidence it relied upon and its reasons for the revocation."[3]  (State's brief, p. 5.)

## CONCLUSION

Because the circuit court improperly found that Kelly's arrests for new offenses were a sufficient basis in and of themselves on which to revoke his probation, we reverse the circuit court's order revoking Kelly's probation and remand the case for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

Windom, P.J., and Kellum, McCool, and Cole, JJ., concur.

---

[3]In Nelson, supra, this Court first remanded that case after agreeing with Nelson's argument that the circuit court's revocation order failed to meet Rule 27.6(f), Ala. R. Crim. P.  On remand, the circuit court's revised written order clarified that Nelson's probation revocation was based solely on Nelson's being arrested for new offenses.  In Kelly's case, however, the record is clear that the circuit court revoked Kelly's probation based solely on his being arrested for new offenses.