ON RETURN TO REMAND
The appellant, Jerry Anthony Chasteen, appealed from the revocation of his probation. We remanded this cause so that the circuit court could furnish the appellant with written findings as to the reasons it relied on in revoking his probation.Chasteen v. State, 652 So.2d 318 (Ala.Cr.App. 1994). The court filed the following findings on return to remand:
 "(1) That there was reasonable and probable cause to believe that the probationer exposed himself to K.A. at River Oaks Shopping Mall, Decatur, Alabama, on 9-6-93, in violation of the laws of the State of Alabama, and
 "(2) That there was reasonable and probable cause to believe that the probationer did expose himself to C.C. at River Oaks Shopping Mall, Decatur, Alabama, on 9-6-93, in violation of the laws of the State of Alabama, and
 "(3) That the commission of the offenses, set out in (1) and (2) above, were violations of the terms of defendant's probation."
The appellant argues that there was not sufficient reliable evidence for the court to *Page 320 
revoke his probation. The appellant has preserved this issue by raising this issue in his motion for reconsideration.Hollis v. State, 598 So.2d 38 (Ala.Cr.App. 1992).
The appellant's probation was revoked solely on the hearsay testimony of Officer Mike Cowart of the Decatur Police Department, who testified that he spoke with K.A. and her daughter and that they told him that a man matching the appellant's description had exposed himself to them at a shopping center in Decatur.
This court has many times in the past held that hearsay testimony may not form the sole basis for revoking an individual's probation. Williams v. State, 557 So.2d 857
(Ala.Cr.App. 1990); Patton v. State, 551 So.2d 1179
(Ala.Cr.App. 1989); Weaver v. State, 515 So.2d 79
(Ala.Cr.App. 1987); Mitchell v. State, 462 So.2d 740
(Ala.Cr.App. 1984); Watkins v. State, 455 So.2d 160
(Ala.Cr.App. 1984); Moore v. State, 432 So.2d 552
(Ala.Cr.App. 1983); Hill v. State, 350 So.2d 716
(Ala.Cr.App. 1977).
As Judge Patterson stated in Mitchell v. State,462 So.2d 740, 742 (Ala.Cr.App. 1984):
 "The question for us in the instant case is, therefore, whether the testimony of Officer Sexton, when added to the evidence revealed by the probation officer's testimony and report, provided sufficient evidence to support Mitchell's probation revocation. It is not necessary in a probation revocation hearing to provide proof beyond a reasonable doubt or by a preponderance of the evidence. Rather, the lower court need only be 'reasonably satisfied from the evidence that the probationer has violated the conditions of his probation'. Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975).
 "This court has held that 'probation cannot be revoked solely upon hearsay evidence'. Moore v. State, 432 So.2d 552 (Ala.Crim.App. 1983); Watkins v. State, 455 So.2d 160 (Ala.Crim.App. 1984). The only evidence presented against Mitchell in this hearing was hearsay. Neither the victim, nor any other witness who could have identified the appellant as the perpetrator of the crime, testified. Although Probation Officer Cockes said that his report indicated Mitchell had made an inculpatory statement to police, no other evidence was offered to support this allegation. Officer Sexton was not present when the crime was committed, and he arrested Mitchell solely upon the information given to him by others.
 "While it is not necessary that a probationer be convicted of the charged offense before his probation is revoked, it is nevertheless true that the filing of charges or an arrest, standing alone, is insufficient ground for probation revocation. Nicholson v. State, 440 So.2d 1205
(Ala.Crim.App. 1983); Free v. State, 392 So.2d 857
(Ala.Crim.App. 1980), writ denied, Ex parte Free, 392 So.2d 859, cert. denied, 451 U.S. 990
[101 S.Ct. 2329, 68 L.Ed.2d 850], rehearing denied, 452 U.S. 973 [101 S.Ct. 3129, 69 L.Ed.2d 985] (1981).
"As this court has said:
 " 'If merely being arrested is sufficient for revocation, then revocation would lie within the discretion of police officers, rather than judicial officers. In such a case, judges would only perform the ministerial duty of determining if an arrest had been made and then signing the revocation order. The decision to revoke probation is a judicial function and should be based upon the appellant's conduct and not upon an accusation only. The State must submit enough substantive evidence to reasonably satisfy the trier of the facts that a condition of probation was breached.' Hill [v. State, 350 So.2d 716
(Ala.Cr.App. 1977)].
 "After carefully examining the evidence presented at appellant's hearing, we must conclude that it was insufficient to support the decision to revoke his probation."
The trial court erred in revoking the appellant's probation based solely on hearsay testimony. Thus, the order revoking the appellant's probation is reversed, and this cause must be remanded for another revocation hearing.
 REVERSED AND REMANDED. *Page 321 
All the Judges concur.