ON RETURN TO REMAND
The appellant, Ricky Ebony Clayton, appeals from the revocation of his probation. The appellant was convicted of theft of property in the first degree in February 1994 and was sentenced to 10 years in prison. He was placed on probation in April 1994. On January 25, 1995, his probation was revoked.
We originally remanded this cause with directions to the trial court to enter an order stating the evidence relied upon and the reasons for revoking the appellant's probation, as required by Rule 27.6(f), Ala.R.Crim.P, and Armstrong v. State,294 Ala. 100, 312 So.2d 620 (1975). Clayton v. State,669 So.2d 220 (Ala.Cr.App. 1995). The trial court filed the following "amended order" on return to remand:
 "Upon hearing, Defendant's probation is hereby revoked for the following reasons: On April 4, 1994, Defendant was placed on probation for a period of two years. As a condition of probation, Defendant was ordered to avoid injurious or vicious habits and not to violate any laws. While on probation, on October 23, 1994, a warrant was issued for Defendant for assault upon his girlfriend, wherein Defendant allegedly broke her arm between the elbow and shoulder."
(C. 5.)
The reasons given by the trial court are not sufficient to support a revocation of probation. "A 'mere arrest' or the filing of charges is an insufficient basis for revoking one's probation." Allen v. State, 644 So.2d 45, 46 (Ala.Cr.App. 1994).
 " 'While it is not necessary that a probationer be convicted of the charged offense before his probation is revoked, it is nevertheless true that the filing of charges or an arrest, standing alone, is insufficient ground for probation revocation. Nicholson v. State, 440 So.2d 1205
(Ala.Cr.App. 1983); Free v. State, 392 So.2d 857
(Ala.Cr.App. 1980), writ denied, Ex parte Free, 392 So.2d 859, cert. denied, 451 U.S. 990
[101 S.Ct. 2329, 68 L.Ed.2d 850], rehearing denied, 452 U.S. 973 [101 S.Ct. 3129, 69 L.Ed.2d 985] (1981).
" 'As this court has said:
 " ' "If merely being arrested is sufficient for revocation, then revocation would lie within the discretion of police officers, rather than judicial officers. In such a case, judges would only perform the ministerial duty of determining if an arrest had been made and then signing the revocation order. The decision to revoke probation is a judicial function and should be based upon the appellant's conduct and not upon an accusation only. The State must submit enough substantive evidence to reasonably satisfy the trier of the facts that a condition of probation was breached." ' Hill [v. State, 350 So.2d 716
(Ala.Cr.App. 1977)]."
Chasteen v. State, 652 So.2d 319, 320 (Ala.Cr.App. 1994) (quoting Mitchell v. State, 462 So.2d 740, 742 (Ala.Cr.App. 1984)).
The record shows that on November 7, 1994, the appellant's probation officer filed a "Supervision Report on Delinquent Probationer" recommending that the appellant's probation be revoked on the ground that the appellant had been arrested on October 31, 1994, for assault in the second degree against his common law wife, and that the offense allegedly resulted in the victim's suffering a broken arm.
At the January 1995 probation revocation hearing, the district attorney informed the trial court that a preliminary hearing on the alleged assault had been held in the district court, after which the appellant had been charged with harassment. The district attorney then recited the details of the alleged incident as contained in the probation officer's report. The trial court examined the probation officer's report and stated, "Based on this probation report, it was a close case anyway, putting him on probation and probably shouldn't have. And, I'm going to revoke *Page 222 
you." (R. 8.) No other evidence was offered at the revocation hearing to support the allegations in the probation officer's report. The probation officer did not testify, and neither he nor the district attorney was present when the crime was committed. Neither the victim nor any other witness who could have identified the appellant as the perpetrator of the crime testified.
The state failed to present at the hearing any substantive evidence showing that the appellant, in fact, had committed the offense for which he was arrested. It is apparent from the record, read in conjunction with the trial court's order on return to remand, that the appellant's probation was revoked based on hearsay statements in the probation officer's report and on hearsay representations made to the trial court by the district attorney at the revocation hearing. The use of hearsay as the sole means of proving a violation of a condition of probation denies a probationer the right to confront and to cross-examine the persons originating information that forms the basis of the revocation. Mallette v. State, 572 So.2d 1316,1317 (Ala.Cr.App. 1990). See Chasteen, supra, 652 So.2d at 320
(hearsay may not form sole basis for revoking probation).
 "Although probation is a 'privilege' and not a right, Wray v. State, 472 So.2d 1119 (Ala. 1985), certain standards of due process of law must be met to justify revocation. Those standards are set out in Armstrong v. State, [294 Ala. 100, 312 So.2d 620
(1975)].
 "We find that petitioner's due process rights were violated in this case. While we recognize that all the formal requirements of a criminal trial are not mandated, and that the burden of proof is different, Thompson v. State, 356 So.2d 757 (Ala.Cr.App. 1978) ('[t]he standard of proof is not reasonable doubt or preponderance of the evidence, but reasonable satisfaction from the evidence'), we also recognize that '[h]earsay information may not be used to furnish the sole basis of the revocation.' Watkins v. State, 455 So.2d 160 (Ala.Cr.App. 1984). See, also, Moore v. State, 432 So.2d 552 (Ala.Cr.App. 1983). In the case at bar, we find that the evidence in the record was insufficient. Although evidence sufficient to support a conviction is not required, a probation officer's report and/or an arrest warrant, standing alone or together, would be insufficient."
Ex parte Belcher, 556 So.2d 366, 369 (Ala. 1989).
For the reasons stated above, we reverse the trial court's order revoking the appellant's probation and remand this cause for another revocation hearing.
REVERSED AND REMANDED.
All Judges concur.