Elford Renden Hunter, Jr., appeals from the order of the trial court revoking his probation.
On December 21, 1999, Hunter's probation officer filed a petition alleging that Hunter had been arrested, four days before he filed the petition, for driving under the influence of alcohol ("DUI"). He recommended that a revocation hearing be held to determine whether Hunter's probation should be revoked based on his commission of this new offense. At the February 18, 2000, revocation hearing, the police officer who arrested Hunter on the DUI charge provided testimony that, if accepted as true, was sufficient to establish that Hunter was in fact guilty of the offense. "On revocation hearings, the standard of proof is not reasonable doubt, but reasonable satisfaction from the evidence."Thompson v. State, 356 So.2d 757, 760 (Ala.Crim.App. 1978). While certain statements that the trial court made for the record at the conclusion of the revocation hearing strongly suggest that the trial court was indeed reasonably satisfied that Hunter was guilty of DUI, we are unable to tell from the trial court's written order of revocation whether the court revoked Hunter's probation because it was reasonably satisfied that Hunter was guilty of the charged offense or because of the mere fact that Hunter was arrested and charged with DUI. In its written order of revocation, which did not contain a specific reference to the arresting officer's testimony concerning the facts underlying Hunter's arrest, the trial court stated that it was reasonably satisfied from the evidence "that the defendant did violate the terms and conditions of his probation with the new arrest for Driving Under the Influence." (C. 12.) However, the court did not indicate in the written order whether it was reasonably satisfied that Hunter was in fact guilty of the offense for which he was arrested. "`A "mere arrest" or the filing of charges is an insufficient basis for revoking one's probation.'" Clayton v.State, 669 So.2d 220, 221 (Ala.Crim.App. 1995), quoting Allen v.State, 644 So.2d 45, 46 (Ala.Crim.App. 1994). "Before revoking probation because the probationer has been arrested, the trial court must be reasonably satisfied that the underlying charge against the probationer is true." Wade v. State, 652 So.2d 335,336 (Ala.Crim.App. 1994).[1] Under the Alabama Supreme Court's holding in Wyatt v. State, 608 So.2d 762, 763 (Ala. 1992), we are required to ensure that a trial court enters a written revocation order that adequately sets forth the evidence relied upon and the reason for the probation revocation.
Therefore, this cause is remanded to the trial court with directions for that court to enter specific findings as to whether it is reasonably satisfied that Hunter is guilty of the offense for which he was arrested. If the trial court is not reasonably satisfied that Hunter is guilty of the DUI charge, it should set aside its order of revocation. If the trial court is *Page 847 
reasonably satisfied that Hunter is guilty of the charge, it should so state in a written order; in this written order, the trial court should also enter specific findings as to the evidence relied on and the reasons for revoking Hunter's probation. See Stephenson v.State, 710 So.2d 489, 490-91 (Ala.Crim.App. 1997). The trial court shall make due return to this court at the earliest possible time within 42 days of the release of this opinion.
REMANDED WITH DIRECTIONS.
McMillan, Cobb, Baschab, and Fry, JJ., concur.
[1] At the time of the revocation hearing, the underlying DUI charge against Hunter was still pending. Although Hunter acknowledges that he was arrested on the charge, he has not admitted that he was guilty of the offense.