BASCHAB, Judge.
On November 29, 1989, the appellant, Frederick Benton, pled guilty to murder. The trial court sentenced him to serve a term of fifteen years in prison, but split his sentence and ordered him to serve three years followed by five years on probation. On January 28, 1995, the appellant’s probation officer filed an “Officer’s Report on Delinquent Probationer,” alleging that he had not reported, and the circuit court issued an alias writ of arrest. On January 8, 2003, the appellant was arrested on the alias writ of arrest. On March 7, 2003, the appellant’s probation officer filed a supplemental “Officer’s Report on Delinquent Probationer,” alleging that he had been arrested for and convicted of the new offenses of fourth-degree criminal possession of a controlled substance and fifth-degree criminal possession of stolen property in New York.[1] After conducting a revocation hearing, the circuit court revoked the appellant’s probation. This appeal followed.
The appellant argues that, in its written revocation order, the circuit court did not adequately state the evidence upon which it relied and its reasons for revoking his probation. In its written revocation order, the circuit court stated:
“2. The Defendant was informed that as a condition of his probation he was to not violate any Federal, or State laws;
“3. That while on Probation for the above charge, on, was arrested by the New York Police Department for Possession of Controlled Substance and has failed to report to his Probation Officer as ordered.
“4. That on March 18th, 2003 a hearing was held at which time the Court heard the following pertinent testimony: That while on Probation for the above charge, the Defendant was arrested by the New York Police Department for Possession of Controlled Substance and has failed to report to his Probation Officer as ordered.
“The Court is, therefore, reasonably satisfied from said evidence and testimony that the Defendant did violate the terms and conditions of his probation by failing to comply with the terms ordered by the Court.”
(C.R. 14.)
“ ‘ “A ‘mere arrest’ or the filing of charges is an insufficient basis for revoking one’s probation.” ’ Clayton v. State, 669 So.2d 220, 221 (Ala.Crim.App.1995), quoting Allen v. State, 644 So.2d 45, 46 (Ala.Crim.App.1994). ‘Before revoking probation because the probationer has been arrested, the trial court must be reasonably satisfied that the underlying charge against the probationer is true.’ Wade v. State, 652 So.2d 335, 336 (Ala.Crim.App.1994).”
Hunter v. State, 782 So.2d 845, 846 (Ala.Crim.App.2000) (footnote omitted). We cannot determine whether the circuit court revoked the appellant’s probation merely because he had been arrested for possession of a controlled substance or because it was reasonably satisfied that he had committed the offense. See Hunter, supra. Therefore, the circuit court did not adequately set forth in its written revocation order the evidence upon which it relied and its reasons for revoking the appellant’s probation. Accordingly, we remand this case to the circuit court with instructions *1278 that that court enter a written order in which it specifically states the evidence upon which it relied and its reasons for revoking the appellant’s probation. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 21 days after the release of this opinion.[2]
REMANDED WITH INSTRUCTIONS. 
McMILLAN, PH., and COBB and WISE, JJ., concur; SHAW, J., concurs in the result.

. During the revocation hearing, the circuit court did not admit the certified copy of the fifth-degree criminal possession of stolen property conviction.

. At this time, we pretermit discussion of the remaining arguments the appellant raises in his brief to this court.