The appellant, Charles Gianni Kinchlow, appeals from the circuit court's revocation of his probation. The record reveals that on October 25, 2001, Kinchlow pleaded guilty to six drug offenses; four of those offenses were felony offenses and two were misdemeanor offenses. In case no. CC-98-1215.01, Kinchlow pleaded guilty to unlawful distribution of a controlled substance (cocaine), a violation of § 13A-12-211, Ala. Code 1975. He was sentenced to 12 years' imprisonment; that sentence was suspended and he was placed on 5 years' supervised probation. In case no. CC-98-1215.02, Kinchlow pleaded guilty to second-degree unlawful possession of marijuana, a misdemeanor, in violation of §13A-12-214, Ala. Code 1975. He was sentenced to 12 months' imprisonment; that sentence was suspended and he was placed on 12 months' supervised probation. In case no. CC-99-192.01, Kinchlow pleaded guilty to unlawful distribution of a controlled substance (cocaine), a violation of § 13A-12-211, Ala. Code 1975. He was sentenced to 12 years' imprisonment; that sentence was suspended and he was placed on 5 years' supervised probation. In case no. CC-99-192.02, Kinchlow pleaded guilty to unlawful possession of a controlled substance (cocaine), a violation of § 13A-12-212, Ala. Code 1975. He was sentenced to 10 years' imprisonment; that sentence was suspended and he was placed on 5 years' supervised probation. In case no. CC-99-552.01, Kinchlow pleaded guilty to unlawful possession of a controlled substance *Page 438 
(cocaine), a violation of § 13A-12-212, Ala. Code 1975. He was sentenced to 10 years' imprisonment; that sentence was suspended and he was placed on 5 years' supervised probation. In case no. CC-99-552.02, Kinchlow pleaded guilty to second-degree unlawful possession of marijuana, a misdemeanor, in violation of §13A-12-214, Ala. Code 1975. He was sentenced to 12 months' imprisonment; that sentence was suspended and he was placed on 12 months' supervised probation. In each case, the court ordered the sentences and probationary terms to run concurrently with the other cases.
On April 8, 2003, Probation Officer Scarlet West filed a delinquency report on Kinchlow. The report alleged that Kinchlow was in violation of the conditions of his probation because he had been charged with four new criminal offenses; the report further alleged that Kinchlow was also in violation of his probation because he had failed to attend the recommended treatment program. The probation officer requested that a probation revocation hearing be conducted.
On August 21, 2003, a probation-revocation hearing was held. At the revocation hearing, the State presented testimony from Officer Kevin Hassell, a narcotics officer with the Etowah County drug and major crimes task force. Officer Hassell testified that on January 9, 2003, while executing a search warrant at 1618 Hillside Drive, he seized two small bags of marijuana from the residence and he personally observed Kinchlow smoking a marijuana cigarette. Kinchlow was arrested and charged with first-degree possession of marijuana. Officer Hassell further testified that on January 22, 2003, he monitored a purchase of crack cocaine from Kinchlow by a confidential informant. Following the controlled purchase, Officer Hassell obtained a search warrant for Kinchlow's residence at 127 Hillside Circle and seized crack cocaine, marijuana, and drug paraphernalia from the residence. Kinchlow was arrested and charged with unlawful distribution of a controlled substance (cocaine), first-degree possession of marijuana, and unlawful possession of drug paraphernalia. The State also presented testimony from Lenesha Freeman, the court referral officer for Etowah County. Ms. Freeman testified that since he was placed on probation, Kinchlow never reported for assessment and did not attend the recommended treatment program. Based on the evidence presented, the circuit court found that Kinchlow had violated the conditions of his probation, revoked his probation, and reinstated the original sentences. The court's order stated that the district attorney had "proved probable cause" on the new charges set out in Kinchlow's delinquency order; however, the order failed to recite any of the evidence presented at the revocation hearing.
On appeal, Kinchlow argues that the circuit court's written revocation order was deficient. Specifically, he contends (1) that the court's order did not apply the proper standard of proof to be used during the revocation hearing; and (2) that the court's order did not sufficiently comply with Rule 27.6, Ala.R.Crim.P., and Armstrong v. State, 294 Ala. 100,312 So.2d 620 (1975).
Kinchlow's claims are being raised for the first time on appeal.
 "The general rules of preservation apply to probation revocation hearings. Puckett v. State, 680 So.2d 980, 983 (Ala.Cr.App. 1996), citing Taylor v. State, 600 So.2d 1080, 1081 (Ala.Cr.App. 1992). This Court `has recognized, in probation revocation proceedings, only two exceptions to the general rule that issues not presented to the trial court are waived on appeal: (1) the requirement that *Page 439 
there be an adequate written order of revocation . . ., and (2) the requirement that a revocation hearing actually be held.' Puckett, 680 So.2d at 983."
Owens v. State, 728 So.2d 673, 680 (Ala.Crim.App. 1998). This Court has also held that a defendant can raise for the first time on appeal the allegation that the trial court erred in failing to advise him of his right to request an attorney to represent him during probation-revocation proceedings. See Law v. State,778 So.2d 249, 250 (Ala.Crim.App. 2000). Because Kinchlow's claims concern the adequacy of the court's written order of revocation, they fall within one of the three exceptions to the general preservation requirement and therefore are properly before this Court for review.
Before probation can be revoked, the circuit court must provide a written order stating the evidence and the reasons relied upon in revoking probation in order to comply with the due-process requirements of Gagnon v. Scarpelli, 411 U.S. 778,93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). Wyatt v. State, 608 So.2d 762
(Ala. 1992); Armstrong v. State, supra. "These requirements offer the probationer some protection from an abuse of discretion by the trial court, aid an appellate court in reviewing a revocation, and prevent future revocations based on the same conduct." T.H.B. v. State, 649 So.2d 1323, 1324 (Ala.Crim.App. 1994).
A written order revoking probation satisfies due-process requirements when that order states that the defendant's probation was revoked because the probationer had been convicted of a new criminal offense. See Trice v. State, 707 So.2d 294,297 (Ala.Crim.App. 1997). However, in Hunter v. State,782 So.2d 845 (Ala.Crim.App. 2000), this Court remanded a case when it could not determine from the written order whether the trial court had revoked the defendant's probation because it was reasonably satisfied that the probationer was guilty of the charged offense or because of the mere fact that he had been arrested and charged with a new offense. In Hunter, we stated:
 "`On revocation hearings, the standard of proof is not reasonable doubt, but reasonable satisfaction from the evidence.' Thompson v. State, 356 So.2d 757, 760 (Ala.Crim.App. 1978). While certain statements that the trial court made for the record at the conclusion of the revocation hearing strongly suggest that the trial court was indeed reasonably satisfied that Hunter was guilty of DUI [driving under the influence], we are unable to tell from the trial court's written order of revocation whether the court revoked Hunter's probation because it was reasonably satisfied that Hunter was guilty of the charged offense or because of the mere fact that Hunter was arrested and charged with DUI. . . . `"A `mere arrest' or the filing of charges is an insufficient basis for revoking one's probation."' Clayton v. State, 669 So.2d 220, 221 (Ala.Crim.App. 1995), quoting Allen v. State, 644 So.2d 45, 46
(Ala.Crim.App. 1994). `Before revoking probation because the probationer has been arrested, the trial court must be reasonably satisfied that the underlying charge against the probationer is true.' Wade v. State, 652 So.2d 335, 336 (Ala.Crim.App. 1994)."
782 So.2d at 846 (footnote omitted).
In the instant case, the circuit court's written order stated as one reason for revoking Kinchlow's probation the fact that he had a number of new criminal charges pending against him. However, the court's order does not state that it was reasonably satisfied that Kinchlow committed the crimes with which he was charged, nor does the court's order set out the specific evidence it relied upon in deciding *Page 440 
to revoke Kinchlow's probation. Likewise, the court's order fails to state that it was reasonably satisfied that Kinchlow had failed to complete successfully the recommended treatment program and failed to state the evidence it relied upon in making such a determination. Thus, the order was insufficient to comply with the requirements of Rule 27.6(f), Ala.R.Crim.P., and Armstrongv. State. Although the transcript of the revocation hearing clearly establishes that the State presented sufficient evidence from which the court could be reasonably satisfied that Kinchlow had violated the conditions of his probation and remand is not in the interest of judicial economy, we nevertheless have no choice but to remand this case for a new revocation order, given the Supreme Court's holdings in Armstrong v. State, supra, andWyatt v. State, supra.
Based on the foregoing, we remand this cause for the circuit court to enter a new order reflecting the evidence relied upon, as well as the reason or reasons it had for revoking Kinchlow's probation. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 56 days of the release of this opinion.
REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and COBB and SHAW, JJ., concur. BASCHAB, J., concurs in the result.
* Note from the reporter of decisions: On May 21, 2004, on return to remand, the Court of Criminal Appeals affirmed, without opinion. *Page 441