The appellant, Mary Alice Bauer, appeals from the circuit court's revocation of her probation. The record reveals that on October 12, 2000, Bauer pleaded guilty to one count of unlawful possession of a controlled substance, a violation of §13A-12-212, Ala. Code 1975. She was sentenced to five years' imprisonment; that sentence was to run concurrently with a sentence from another county. However, the five-year sentence was suspended, and she was placed on five years' supervised probation and ordered to pay all applicable fines and assessments.
On October 11, 2002, Probation Officer Whitt Latham filed a delinquency report on Bauer. The report alleged that Bauer had violated the conditions of her probation because she had been charged with two new criminal offenses; the report further alleged that Bauer had also violated her probation because she had failed to pay court-ordered moneys. The probation officer requested that a probation-revocation hearing be conducted.
On September 18, 2003, a probation-revocation hearing was held. At the revocation hearing, the State presented testimony from Investigator Michael Jones of the Etowah County Sheriff's Department. Jones testified that on August 30, 2002, following his investigation of a residential burglary and theft, Bauer was arrested and charged with third-degree burglary and second-degree theft. Jones testified that during his investigation of the burglary, Bauer admitted going into the residence and taking the owner's property without his permission. No other evidence was presented.
Based on the evidence presented, the circuit court found that Bauer had violated the conditions of her probation, revoked her probation, and reinstated the original sentence. The court's order stated: "[T]he Court finds that [Bauer] has violated the conditions of her probation as set forth in the Delinquent Charges, more specifically Charge No. 1 — New Offense: Burglary, 3rd Degree." (C. 28.) However, the order failed to recite any of the evidence presented at the revocation hearing.
Bauer's appointed counsel has filed a brief in substantial compliance with Anders v. California, 386 U.S. 738,87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel stated that he had reviewed the record and that the evidence presented supported the revocation of Bauer's probation. Alternatively, counsel contended that it could be argued that the circuit court's order was not in compliance with the Alabama Supreme Court's mandate in Armstrongv. State, 294 Ala. 100, 312 So.2d 620 (Ala. 1975).
This Court issued an order on January 12, 2004, informing Bauer that her counsel had filed an Anders brief and ordering her to file with the Court any issues she believed to be worthy of review. Bauer filed *Page 1006 
no pro se issues. We have also reviewed the record in this case, including counsel's alternative argument that the circuit court's written order of revocation failed to comply with Armstrong.
Bauer's claim regarding the adequacy of the court's revocation order is being raised for the first time on appeal.
 "The general rules of preservation apply to probation revocation hearings. Puckett v. State, 680 So.2d 980, 983 (Ala.Cr.App. 1996), citing Taylor v. State, 600 So.2d 1080, 1081 (Ala.Cr.App. 1992). This Court `has recognized, in probation revocation proceedings, only two exceptions to the general rule that issues not presented to the trial court are waived on appeal: (1) the requirement that there be an adequate written order of revocation . . ., and (2) the requirement that a revocation hearing actually be held.' Puckett, 680 So.2d at 983."
Owens v. State, 728 So.2d 673, 680 (Ala.Crim.App. 1998). This Court has also held that a defendant can raise for the first time on appeal the allegation that the trial court erred in failing to advise him of his right to request an attorney to represent him during probation-revocation proceedings. See Law v. State,778 So.2d 249, 250 (Ala.Crim.App. 2000). Because Bauer's claim concerns the adequacy of the court's written order of revocation, it falls within one of the three exceptions to the general preservation requirement and therefore is properly before this Court for review.
Before probation can be revoked, the circuit court must provide a written order stating the evidence and the reasons it relied upon to revoke probation in order to comply with the due-process requirements of Gagnon v. Scarpelli, 411 U.S. 778,93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). Wyatt v. State, 608 So.2d 762
(Ala. 1992); Armstrong v. State, supra. "These requirements offer the probationer some protection from an abuse of discretion by the trial court, aid an appellate court in reviewing a revocation, and prevent future revocations based on the same conduct." T.H.B. v. State, 649 So.2d 1323, 1324 (Ala.Crim.App. 1994).
A written order revoking probation satisfies due-process requirements when that order states that the defendant's probation was revoked because the probationer had been convicted of a new criminal offense. See Trice v. State, 707 So.2d 294,297 (Ala.Crim.App. 1997). However, in Hunter v. State,782 So.2d 845 (Ala.Crim.App. 2000), this Court remanded a case when it could not determine from the written order whether the trial court revoked the defendant's probation because it was reasonably satisfied that the probationer was guilty of the charged offense or because of the mere fact that he had been arrested and charged with a new offense. In Hunter, we stated:
 "`On revocation hearings, the standard of proof is not reasonable doubt, but reasonable satisfaction from the evidence.' Thompson v. State, 356 So.2d 757, 760 (Ala.Crim.App. 1978). While certain statements that the trial court made for the record at the conclusion of the revocation hearing strongly suggest that the trial court was indeed reasonably satisfied that Hunter was guilty of DUI [driving under the influence], we are unable to tell from the trial court's written order of revocation whether the court revoked Hunter's probation because it was reasonably satisfied that Hunter was guilty of the charged offense or because of the mere fact that Hunter was arrested and charged with DUI. . . . `"A `mere arrest' or the filing of charges is an insufficient basis for revoking one's probation."' Clayton v. State, 669 So.2d 220, 221 (Ala.Crim.App. 1995), quoting Allen v. State, 644 So.2d 45, 46
(Ala.Crim.App. 1994). `Before revoking probation because the probationer *Page 1007 
has been arrested, the trial court must be reasonably satisfied that the underlying charge against the probationer is true.' Wade v. State, 652 So.2d 335, 336 (Ala.Crim.App. 1994)."
782 So.2d at 846 (footnote omitted).
In the instant case, the circuit court's written order stated as its reason for revoking Bauer's probation the fact that she had a new criminal charge for third-degree burglary pending against her. However, the court's order does not state that it was reasonably satisfied that Bauer committed the crimes with which she was charged, nor does the court's order set out the specific evidence it relied upon in reaching its decision to revoke Bauer's probation. Thus, the order was insufficient to comply with the requirements of Rule 27.6(f), Ala.R.Crim.P., andArmstrong v. State. Although the transcript of the revocation hearing clearly establishes that the State presented sufficient evidence from which the court could be reasonably satisfied that Bauer had violated the conditions of her probation and although remand is not in the interest of judicial economy, we nevertheless must remand this case for a new revocation order, given the Supreme Court's holdings in Armstrong v. State, supra, and Wyatt v. State, supra.
Based on the foregoing, we remand this cause for the circuit court to enter a new order reflecting the evidence relied upon, as well as the reason or reasons it had for revoking Bauer's probation. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest possible time and within 56 days of the release of this opinion.
REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and COBB and SHAW, JJ., concur. BASCHAB, J., concurs in the result.
* Note from the reporter of decisions: On May 21, 2004, on return to remand, the Court of Criminal Appeals affirmed, without opinion. *Page 1008