The appellant, Adonnis McGhee, appeals from the trial court's revocation of his probation. The record reveals that McGhee pleaded guilty to one count of murder, a violation of § 13A-6-2, Ala. Code 1975, and was sentenced to 20 years' imprisonment, which was split, and he was ordered to serve 3 years' incarceration followed by 3 years' supervised probation. On February 19, 2004, McGhee's probation officer Linda R. O'Bryant filed a delinquency report alleging that McGhee had *Page 536 
violated the terms of his probation because: (1) he was charged with two new criminal offenses, specifically, a violation of the state firearms act and possession of drug paraphernalia; (2) he failed to avoid injurious and vicious habits while on probation; and (3) he failed to pay his supervision fees.
On April 30, 2004, a probation-revocation hearing was conducted. After hearing evidence indicating that McGhee had failed to comply with the conditions of his probation and that he had committed new offenses, the trial court revoked McGhee's probation. The revocation order stated:
 "The Defendant was present in open court with his attorney, to-wit: Charles Salvagio. Defendant was previously advised in writing of the alleged violation of the terms of his probation. It is alleged, to-wit:
 "That the Defendant has violated the terms of his probation by:
 "1.) Violating Condition Number 1 of the Order of Probation, to-wit: `Do not violate any Federal, State or local laws.'
 "2.) Violating Condition Number 2 of the Order of Probation, to-wit: `Avoid Injurious or Vicious Habits.'
 "3.) Violating Condition Number 12 of the Order of Probation, to-wit: `Pay supervision fees.'
 "An evidentiary hearing was held and testimony was taken on the record. The evidence relied upon by the Court to support a finding that the Defendant has violated his probation as stated above is as follows:
 "1.) The Defendant was given a split sentence in this case of twenty years split three years to serve, followed by 3 years probation on November 26, 2001.
 "2.) The Defendant was released from the penitentiary on 8-14-03 and began his probationary period at that time.
 "3.) On 2-14-04 the Defendant was arrested by the Birmingham Police and charged with the new offenses of Violation of State Firearms Act and Possession of drug paraphernalia.
 "4.) Evidence was presented at the hearing on this case, from which this Court is reasonably satisfied that the Defendant committed the new offenses.
 "5.) Based on the foregoing it is clear that the Defendant has violated the terms of his probation.
 "THEREFORE, the Defendant's probation in this case is hereby revoked, and the sentence imposed on November 26, 2001, to-wit: 20 years is placed into effect. The Defendant is to be given credit for any and all time served on this case, including the time he served on the original split.
DONE AND ORDERED this the 30th day of April, 2004.
/s/ Virginia A. Vinson
CIRCUIT COURT JUDGE"
(R. 3). This appeal followed.
McGhee contends that the trial court's revocation of his probation should be reversed because, he says, (1) the revocation was based solely on hearsay testimony of Officer Kenneth Smith, and (2) the court's order revoking his probation was deficient because it did not contain a statement of the specific evidence relied on and the specific reasons for revoking his probation.
McGhee's claim that the trial court erred in revoking his probation solely on hearsay testimony that he committed new criminal offenses while on probation is being raised for the first time on appeal.[1] *Page 537 
 "The general rules of preservation apply to probation revocation hearings. Puckett v. State, 680 So.2d 980, 983 (Ala.Cr.App. 1996), citing Taylor v. State, 600 So.2d 1080, 1081 (Ala.Cr.App. 1992). This Court `has recognized, in probation revocation proceedings, only two exceptions to the general rule that issues not presented to the trial court are waived on appeal: (1) the requirement that there be an adequate written order of revocation . . ., and (2) the requirement that a revocation hearing actually be held.' Puckett, 680 So.2d at 983."
Owens v. State, 728 So.2d 673, 680 (Ala.Crim.App. 1998). This Court has also held that a defendant can raise for the first time on appeal the allegation that the trial court erroneously failed to advise him of his right to request counsel during probation-revocation proceedings. Law v. State, 778 So.2d 249
(Ala.Crim.App. 2000).
Although McGhee commented during Officer Smith's testimony that "every bit of this so far is hearsay" (T.R. 7),[2] we cannot say that this statement amounted to an objection, and there was no ruling from the trial court. Because McGhee did not present this claim below and because it is not one of the three exceptions this Court has recognized as claims that can be raised for the first time on appeal, McGhee has preserved nothing for appellate review.
Moreover, contrary to McGhee's assertion, the trial court was presented with other testimony to support the revocation of McGhee's probation. The trial court had before it the additional testimony of Officer Mack Treadwell, who testified based upon firsthand information he observed on the night of the incident. Even if this claim had been properly presented at trial, the trial court did not err in its evidentiary ruling.
McGhee also argues that his probation was revoked based on testimony that, he says, merely established that he had been arrested and charged with a new offense, which, he says, is insufficient as a basis on which to revoke his probation. Again, McGhee did not raise this claim below; thus, nothing has been preserved for appellate review. See Owens v. State, supra.
McGhee also claims that the circuit court's order revoking his probation is deficient because, he says, it does not meet the requirements of Armstrong v. State, 294 Ala. 100, 312 So.2d 620
(1975). Although this issue is also raised for the first time on appeal, it is one of the three exceptions to the general-preservation requirement and, therefore, is properly before this Court for review.
Before the circuit court can revoke probation, the court must provide a written order stating the evidence and the reasons it relied upon to revoke probation in order to comply with the due-process requirements of Gagnon v. Scarpelli, 411 U.S. 778,93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). Wyatt v. State,608 So.2d 762 (Ala. 1992); Armstrong v. State, supra. "These *Page 538 
requirements offer the probationer some protection from an abuse of discretion by the trial court, aid an appellate court in reviewing a revocation, and prevent future revocations based on the same conduct." T.H.B. v. State, 649 So.2d 1323, 1324
(Ala.Crim.App. 1994).
A written order revoking probation satisfies due-process requirements when that order states that the defendant's probation was revoked because the probationer had been convicted of a new criminal offense. See Trice v. State, 707 So.2d 294,297 (Ala.Crim.App. 1997). However, in Hunter v. State,782 So.2d 845 (Ala.Crim.App. 2000), this Court remanded a case when it could not determine from the written order whether the trial court had revoked the defendant's probation because it was reasonably satisfied that the probationer was guilty of the charged offense or because of the mere fact that he had been arrested and charged with a new offense. In Hunter, we stated:
 "`On revocation hearings, the standard of proof is not reasonable doubt, but reasonable satisfaction from the evidence.' Thompson v. State, 356 So.2d 757, 760 (Ala.Crim.App. 1978). While certain statements that the trial court made for the record at the conclusion of the revocation hearing strongly suggest that the trial court was indeed reasonably satisfied that Hunter was guilty of DUI [driving under the influence], we are unable to tell from the trial court's written order of revocation whether the court revoked Hunter's probation because it was reasonably satisfied that Hunter was guilty of the charged offense or because of the mere fact that Hunter was arrested and charged with DUI. . . . `"A `mere arrest' or the filing of charges is an insufficient basis for revoking one's probation.'" Clayton v. State, 669 So.2d 220, 221 (Ala.Crim.App. 1995), quoting Allen v. State, 644 So.2d 45, 46
(Ala.Crim.App. 1994). `Before revoking probation because the probationer has been arrested, the trial court must be reasonably satisfied that the underlying charge against the probationer is true.' Wade v. State, 652 So.2d 335, 336 (Ala.Crim.App. 1994)."
782 So.2d at 846 (footnote omitted).
In the instant case, the circuit court's written order clearly states that it was reasonably satisfied that McGhee had committed the crimes with which he was charged; however, the court's order does not set out the specific evidence it relied upon in reaching its decision. The order merely states that "[e]vidence was presented at the hearing on this case, from which this Court is reasonably satisfied that the Defendant committed the new offenses." (R. 3) Thus, the order was insufficient to comply with the requirements of Rule 27.6(f), Ala. R.Crim. P., and Armstrongv. State. Although the transcript of the revocation hearing clearly establishes that the State presented sufficient evidence from which the court could be reasonably satisfied that McGhee had violated the conditions of his probation and remand is not in the interest of judicial economy, we nevertheless have no choice but to remand this case for a new revocation order, given the Supreme Court's holdings in Armstrong v. State, supra, andWyatt v. State, supra. See also Attaway v. State,854 So.2d 1211 (Ala.Crim.App. 2002); and Kinchlow v. State, 891 So.2d 436
(Ala.Crim.App. 2004).
Based on the foregoing, we remand this cause for the circuit court to enter a new order reflecting the specific evidence relied upon, as well as the reason or reasons it had for revoking McGhee's probation. The circuit court shall take all necessary action to see that the circuit clerk makes due return to this Court at the earliest *Page 539 
possible time and within 56 days of the release of this opinion.
REMANDED WITH DIRECTIONS.*
McMILLAN, P.J., and COBB, J., concur. BASCHAB, J., concurs in the result. SHAW, J., concurs in the result, with opinion.
[1] During the State's examination of Officer Kenneth Smith, the following transpired:
"Mr. Salvagio
 [McGhee's counsel]: Your Honor, I know this is a revocation hearing. I understand that the rules are relaxed and all that, but every bit of this so far is hearsay. That's what every bit of this is. Where is this guy?
 "The Court: I understand, but I can take that into consideration. Mr. McGhee, be quiet. I can take that into consideration.
"Mr. Streety
 [Prosecutor]: And I just want to add, Your Honor, not all of this is going to be hearsay. We do have eye-witnesses to the certain offenses.
"The Court: Go ahead."
(R. 7-8).
[2] T.R. refers to the trial transcript portion of the record.
* Note from the reporter of decisions: On October 22, 2004, on return to remand, the Court of Criminal Appeals affirmed, without opinion. On January 7, 2005, that court denied rehearing, without opinion. On May 13, 2005, the Supreme Court denied certiorari review, without opinion (1040548).