McMILLAN, Presiding Judge.
The appellant, Michael Alan Hill, appeals from the revocation of his probation. On June 12, 2002, Hill pleaded guilty to receiving stolen property in the first degree. The trial court sentenced him to 15 years’ imprisonment, but it split the sentence and ordered him to serve 1 year in prison, followed by 2 years on supervised probation. On August 27, 2002, the court conducted a restitution hearing and ordered Hill to pay $200 per month to the victim and to pay the balance of the restitution in full on or before March 2005.[1] *1144 On March 9, 2004, the district attorney’s office filed a petition for revocation, charging that Hill had viqlated the terms of his probation by failing to pay his court-ordered financial obligation. On May 17, 2004, Hill’s probation officer filed a delinquency report, charging Hill with failing to abide by the terms of his probation: (1) by failing to report to his probation officer as directed; (2) by failing to pay his supervision fee as directed; and (3) by failing to pay his court-ordered financial obligation of $200 per month as directed. After conducting a hearing on August 11, 2004, the circuit court revoked Hill’s probation.
Hill’s appointed counsel has filed a petition in substantial compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967),, in which he states that he has reviewed the record and has found no issue of legal merit to bring before this court on appeal. Hill, acting pro se, has filed four points and issues for this court to consider. He argues that the revocation of his probation should be reversed because, he argues: (1) the trial court failed to provide him with a written copy of the terms of his probation; (2) the evidence presented at the revocation hearing was based solely upon hearsay information; (3) the circuit court’s written revocation order failed to set forth the evidence relied upon and the reasons for revoking his probation; and (4) the circuit court failed to inquire as to whether revocation followed by imprisonment was the appropriate disposition in light of his indigent status.
The general rules of preservation apply to probation-revocation hearings. Taylor v. State, 600 So.2d 1080, 1081 (Ala.Crim.App.1992). This court has recognized three exceptions to the general rule that issues not presented to the trial court are waived on appeal: when there is no adequate written order of revocation, when a revocation hearing has not been held, Puckett v. State, 680 So.2d 980, 983 (Ala.Crim.App.1996), and when the trial court has failed to advise the defendant of his right to request counsel during probation-revocation proceedings. Law v. State, 778 So.2d 249 (Ala.Crim.App.2000).
Hill has raised all of his claims for the first time on appeal. Because his first, second, and fourth claims are not among the exceptions to the preservation requirement, he has waived consideration of those issues on appeal. With regard to his third claim, this court has held that before the trial court can revoke a defendant’s probation, the court must provide a written order stating the evidence and the reasons relied on for the revocation. Trice v. State, 707 So.2d 294 (Ala.Crim.App.1997). A mere reference to “[e]videnee presented at the hearing” or “[testimony received on record” does not satisfy the due-process requirements recognized in Rule 27.6(f), Ala. R.Crim. P., for stating the evidence upon which the court relied. McGhee v. State, 912 So.2d 534 (Ala.Crim.App.2004); Naves v. State, 816 So.2d 1072, 1074 (Ala.Crim.App.2001).
The order in the present case states that the court considered “the evidence at this hearing,” but it does not specifically set out the evidence upon which the court relied. Even though sufficient evidence to revoke probation is apparent in the transcript of the revocation hearing, we are required to remand this case for the trial court to issue a new revocation order, in light of the Alabama Supreme Court’s holdings in Armstrong v. State, 294 Ala. 100, 312 So.2d 620 (1975), and Wyatt v. State, 608 So.2d 762 (Ala.1992). Therefore, we remand this cause to *1145 the circuit court with directions to enter a new order that states the specific evidence it relied upon, as well as its reason or reasons for revoking Hill’s probation. A return should be filed with this court within 42 days of the release of this opinion.
REMANDED WITH DIRECTIONS. 
COBB, J., concurs specially, with opinion.
BASCHAB, J., concurs in the result.
SHAW, J., dissents, with opinion.
WISE, J., joins in dissent.

. The amount of restitution is not clear. The appellant's counsel states that the amount of restitution is $75,400, and that the total of the restitution and court fees is $75,924. Howev *1144 er, the court stated at the revocation hearing that Hill owes "in excess of $81,000.”