On November 15, 2006, the appellant, James Dennis Gerstenschlager, pled guilty to two counts of breaking and entering a vehicle, one count of unlawful possession of burglary tools, and one count of first-degree receiving stolen property. The trial court sentenced him to serve concurrent terms of fifteen years in prison on each conviction, but split the sentences and ordered him to serve thirty months followed by five years on supervised probation. The appellant's probation officer filed an *Page 591 
"Officer's Report on Delinquent Probationer" on June 8, 2007, and a supplemental "Officer's Report on Delinquent Probationer" on August 28, 2007. After conducting a revocation hearing, the circuit court revoked the appellant's probation. This appeal followed.
The appellant argues that the circuit court did not enter a written order in which it stated the evidence upon which it relied and its reasons for revoking his probation.
 "[T]he requirement of Wyatt [v. State, 608 So.2d 762 (Ala. 1992),] and its associated cases — that the trial court enter a written order stating its reasons for the revocation and the evidence relied upon regardless of the state of the record — is no longer applicable. Henceforth, the Court of Criminal Appeals may determine, upon a review of the record, whether the requisite Rule 27.6(f) [, Ala. R.Crim. P.,] statements are presented by that record. Thus, the Court of Criminal Appeals may examine the record and conclude that `oral findings, if recorded or transcribed, can satisfy the requirements of Morrissey [v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972),] when those findings create a record sufficiently complete to advise the parties and the reviewing court of the reasons for the revocation of supervised release and the evidence the decision maker relied upon.' [United States v.] Copeland, 20 F.3d [412,] 414 [(11th Cir. 1994)].
 "We hasten to note that our holding in this case does not diminish the duty of the trial court to take some affirmative action, either by a statement recorded in the transcript or by written order, to state its reasons for revoking probation, with appropriate reference to the evidence supporting those reasons. The requirements of Wyatt will still be fully applicable in those situations where the record, for lack of transcription of the revocation hearing or for some other reason, fails to clearly and unambiguously set forth the reasons for the revocation and the evidence that supported those reasons. Thus, the requirements of Wyatt are fully applicable to the trial court's order of revocation where the record fails to comply with Rule 27.6(f)."
McCoo v. State, 921 So.2d 450, 462-63 (Ala. 2005) (emphasis added).
 "In order to meet the requirements of Rule 27.6(f), as well as those of constitutional due process, it is `the duty of the trial court to take some affirmative action, either by a statement recorded in the transcript or by written order, to state its reasons for revoking probation, with appropriate reference to the evidence supporting those reasons.' McCoo, 921 So.2d at 462 (emphasis added)."
Ex parte Garlington, 998 So.2d 458, 458-59 (Ala. 2008).
The record indicates that, in his initial delinquency report, the probation officer alleged that the appellant had violated his probation because he had been charged with the new offenses of first-degree receiving stolen property and second-degree receiving stolen property and because he had not paid supervision fees and court-ordered money. The circuit court conducted an initial revocation hearing on August 28, 2007. During the hearing, the State presented evidence from the appellant's probation officer and an officer from the Mobile Police Department. The appellant also made statements concerning the alleged violations. At the conclusion of that hearing, the circuit court indicated that, at that time, it was not reasonably satisfied that the State had proved that the appellant had committed the new offenses. However, based on the appellant's statements *Page 592 
and the prosecutor's arguments, it continued the hearing until August 30, 2007, so the State could file an amended delinquency report.
On August 28, 2007, the appellant's probation officer filed a supplemental delinquency report alleging that the appellant had failed to avoid persons or places of disreputable conduct or character and had failed to avoid injurious or vicious habits. During the hearing on August 30, 2007, the circuit court, the prosecutor, and defense counsel discussed the supplemental delinquency report. Also, the State called a detective from the Mobile Police Department who had investigated the new offenses and who had interviewed the appellant regarding those offenses. After arguments by the State and defense counsel, the following occurred:
 "THE COURT: Well, I grant the petition to revoke.
 "[DEFENSE COUNSEL]: Judge, are you going to outline as to what reasons you are revoking him?
 "THE COURT: It will be in my order." (R. 34.)
In its written revocation order in these cases, the circuit court stated:
 "The Defendant was fully advised of the terms and conditions of his probation;
 ". . . Included among those terms and conditions was that he report to his probation officer as directed and that he not violate the criminal laws of any jurisdiction;
 ". . . While on probation, the Defendant failed to abide by the terms and conditions of his probation;
 ". . . That on August 28 and 30, 2007, a hearing was held, at which time the Court heard the following pertinent testimony: Probation Officer Darius Johnson testified that the Defendant was advised of the terms and conditions of his probation and that he violated them. The Defendant was arrested on . . . new offenses of Receiving Stolen Property 1st and Receiving Stolen Property 2d and was arrested by the Mobile Police Department on May 17, 2007.
 "The Court is, therefore, reasonably satisfied from said evidence and testimony that the Defendant did violate the terms and conditions of his probation by failing to comply with the terms as ordered by the Court."
(C.R. 32-33.) Also, the case action summary sheets in these cases include the following notation:
 "PROBATION REVOCATION HAVING BEEN FILED ON 6-8-2007 MOTION TO REVOKE PROBATION-GRANTED. CONFESSED[.] DEFENDANT TO BE REVOKED for remaining time. . ."
(C.R. 5, 11, 17, 23.)
The record in this case does not clearly and unambiguously set forth the circuit court's reasons for revoking the appellant's probation or the evidence upon which it relied in revoking the appellant's probation. Accordingly, we remand this case to the circuit court with instructions that it enter a written order in which it specifically states the evidence upon which it relied and its reasons for revoking the appellant's probation. We caution the court that
 "`"[a] `mere arrest' or the filing of charges is an insufficient basis for revoking one's probation."' Clayton v. State, 669 So.2d 220, 221
(Ala.Crim.App. 1995), quoting Allen v. State, 644 So.2d 45, 46 (Ala.Crim.App. 1994). `Before revoking probation because the probationer has been arrested, the trial court must be reasonably satisfied that the underlying charge against the probationer *Page 593 
is true.' Wade v. State, 652 So.2d 335, 336
(Ala.Crim.App. 1994)."
Hunter v. State, 782 So.2d 845, 846
(Ala.Crim.App. 2000) (footnote omitted). The circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 21 days after the release of this opinion.
REMANDED WITH INSTRUCTIONS.*
McMILLAN, SHAW, and WELCH, JJ., concur.
WISE, J., concurs specially, with opinion.
* Note from the reporter of decisions: On May 23, 2008, on return to remand, the Court of Criminal Appeals affirmed, without opinion.