On Return to Remand
 

 *
 

 KELLUM, Judge.
 

 The appellant, Ricky Dale Quattlebaum, appeals the revocation of his probation. The record indicates that Quattlebaum pleaded guilty to sexual abuse in the first degree. He was sentenced to 10 years’ imprisonment; however, the court suspended that sentence and placed Quattleb-aum on 5 years’ supervised probation.
 

 On August 26, 2008, the State filed a motion seeking to revoke Quattlebaum’s probation based on Quattlebaum’s alleged failure to abide by the conditions of his probation, namely, the condition imposed by the circuit court preventing Quattleb-aum from participating in any volunteer fire or rescue department programs. On September 29, 2008, the circuit court conducted a probation-revocation hearing. At the conclusion of that hearing, the circuit court entered a notation on the case-action summary stating: “Probation is revoked.” This appeal followed.
 

 On May 18, 2009, we remanded this case to the circuit court for that court to enter a
 
 *927
 
 new probation-revocation order stating the evidence it had relied on in revoking Quattlebaum’s probation. In its order on remand, the circuit court stated:
 

 “James Brazier, an investigator with the Houston County Sheriffs Department, stated to the Court that [Quattlebaum] was a registered sex offender and that [Quattlebaum] went on a volunteer fire department run in Cottonwood, Alabama, on August 25, 2008, in violation of a specific order from the Court not to do so. (Tr. 4, 7, 9) Both Mr. Jerry Adams and Mr. Harry Smith gave information to Officer Brazier that [Quattlebaum] was working with the volunteer fire department. (Tr. 9)”
 

 (Return to remand, p. 5.)
 

 The record in this case indicates that the circuit court stated at the conclusion of the probation-revocation hearing its reason for revoking probation, but did not state the evidence the court relied on in revoking Quattlebaum’s probation. The circuit court’s order on remand cured that deficiency and set forth the evidence the court relied on in revoking Quattlebaum’s probation. Thus, we conclude that the circuit court’s order was adequate.
 

 Quattlebaum also contends on appeal that the State presented insufficient evidence to warrant the revocation of his probation; that the circuit court relied solely on hearsay evidence to revoke his probation; and that the State failed to present evidence that he had received a written copy of the terms and conditions of his probation.
 

 “ ‘The general rules of preservation apply to probation revocation hearings.
 
 Puckett v. State,
 
 680 So.2d 980, 983 (Ala.Crim.App.1996), citing
 
 Taylor v. State,
 
 600 So.2d 1080, 1081 (Ala.Crim.App.1992). This Court “has recognized, in probation revocation proceedings, only two exceptions to the general rule that issues not presented to the trial court are waived on appeal: (1) the requirement that there be an adequate written order of revocation..., and (2) the requirement that a revocation hearing actually be held.”
 
 Puckett,
 
 680 So.2cl at 983.’ ”
 

 Bauer v. State,
 
 891 So.2d 1004, 1006 (Ala.Crim.App.2004) (quoting
 
 Owens v. State,
 
 728 So.2d 673, 680 (Ala.Crim.App.1998)). This court has recognized a third exception to the application of the general rules of preservation in a probation-revocation hearing — a defendant can raise for the first time on appeal the allegation that the court erred in failing to advise him of his right to request an attorney to represent him during the probation-revocation proceedings.
 
 See Law v. State,
 
 778 So.2d 249, 250 (Ala.Crim.App.2000). With the exception of Quattlebaum’s argument regarding the sufficiency of the evidence, the remaining issues raised by Quattlebaum are raised for the first time on appeal, do not fall within any of the recognized exceptions, and, therefore, are precluded from review on appeal.
 

 Regarding Quattlebaum’s sufficiency argument, the record indicates that the circuit court entered an order on January 23, 2007, stating: “Quattlebaum is ordered by this Court not to participate in any volunteer fire department calls and to be removed from the volunteer fire department roster due to him being a registered sex offender.” (Supp. R. 10.) At the September 29, 2008, probation-revocation hearing, James Brazier, an investigator with the Houston County Sheriffs Department, testified that he received information that Quattlebaum had gone on an emergency call with the Cottonwood rescue squad on August 25, 2008. Brazier testified that he subsequently verified the information when he spoke with Jerry Adams and Harvey Smith. According to
 
 *928
 
 Brazier, the rescue squad worked in conjunction with the volunteer fire department.
 

 Cindy Crum, an emergency medical technician, testified that she was working with the rescue squad on August 25, 2008. Crum testified that she and other members of the rescue squad responded to a telephone call from Quattlebaum, who expressed concern about bad weather around his house. Crum testified that once the squad was at Quattlebaum’s house, Quatt-lebaum jumped into the ambulance and accompanied Crum and other members of the rescue squad to a staging area, where the rescue squad waited, prepared to respond to any emergency calls if needed.
 

 Quattlebaum contends that there was insufficient evidence that he violated the terms and conditions of his probation because, he argues, the circuit court’s January 23, 2007, order prevented him from participating in volunteer fire department calls and did not prohibit him from any involvement with the rescue squad. The record indicates that Quattlebaum objected to the revocation of his probation on this basis at the conclusion of the probation-revocation hearing.
 

 “ ‘ “The decision to revoke probation is a judicial function and should be based upon the appellant’s conduct and not upon an accusation only. The State must submit enough substantive evidence to reasonably satisfy the trier of the facts that a condition of probation was breached.”
 
 Hill
 
 [v.
 
 State,
 
 850 So.2d 716 (Ala.Cr.App.1977)].’ ”
 

 Chasteen v. State,
 
 652 So.2d 319, 320 (Ala.Crim.App.1994) (quoting
 
 Mitchell v. State,
 
 462 So.2d 740, 742 (Ala.Crim.App.1984)).
 

 The evidence presented to the circuit court at the revocation hearing established that Quattlebaum had participated in an emergency call with the rescue squad. Although Brazier testified that the rescue squad worked in conjunction with the volunteer fire department, there was no evidence indicating that the rescue squad and the volunteer fire department were one and the same. The State presented no evidence indicating that Quattlebaum participated in an emergency call with the volunteer fire department or that he maintained his name on the roster for the volunteer fire department. The terms and conditions of Quattlebaum’s probation did not expressly prohibit him from participating in emergency calls with the rescue squad. Therefore, the evidence presented to the circuit court does not support the conclusion that Quattlebaum violated the terms and conditions of his probation.
 

 Because the State failed to present evidence that Quattlebaum participated in a volunteer fire department call or continued to maintain his name on the volunteer fire department roster, thus violating the terms of conditions of his probation, the circuit court erred in revoking Quattleb-aum’s probation. The circuit court’s order revoking Quattlebaum’s probation is reversed, and this cause is remanded for further proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 WISE, P.J., and WELCH, WINDOM, and MAIN, JJ., concur.
 

 *
 

 Note from the reporter of decisions: On May 18, 2009, the Court of Criminal Appeals issued an order remanding the case to the trial court for that court to amend and clarify its order revoking Ricky Dale Quattlebaum's probation. The case was resubmitted on return to remand on June 12, 2009.