REL: FEBRUARY 10, 2023

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# Alabama Court of Criminal Appeals

## OCTOBER TERM, 2022-2023

—————————————————

## CR-2022-1106

—————————————————

## Jeremy Dewayne Glasscock

### v.

## State of Alabama

## Appeal from Cullman Circuit Court
## (CC-17-263.70)

KELLUM, Judge.

The appellant, Jeremy Dewayne Glasscock, appeals from the circuit court's revocation of his probation.

The record indicates that in June 2017 Glasscock was convicted of child abuse. The circuit court sentenced him to 15 years' imprisonment;

that sentence was split, and Glasscock was ordered to serve 182 days' imprisonment followed by 5 years' supervised probation.

On May 10, 2021, Glasscock's probation officer filed a delinquency report alleging that Glasscock had violated the terms and conditions of his probation as a result of his arrest on a new criminal charge of rape in the first degree. On March 30, 2022, Glasscock's probation officer filed an amended delinquency report alleging Glasscock had been arrested for a second criminal offense, namely, rape in the second degree, in violation of the terms and conditions of his probation.

On August 16, 2022, the circuit court conducted a probation-revocation hearing at which Glasscock was present and represented by counsel. At the hearing, Officer Austin Black with the Cullman County Sheriff's Office testified that on September 28, 2019, he was called to the sheriff's office to accept a report on a sex crime involving a 15-year-old girl, K.B. K.B., along with her mother and another woman, arrived at the sheriff's office to file a report that Glasscock had had sexual intercourse with K.B. At the time of the offense, Glasscock was 34 years old. Officer Black completed his report and turned the case over to investigators.

Officer Brandi Suh with the Cullman County Sheriff's Office was assigned to investigate the case. Officer Suh testified:

"We immediately – since [K.B.] was 15 years old, we set up a CAC interview to have her interviewed. She went for the interview on October 3rd. She had disclosed that Jeremy Glasscock had – she described forcefully raped her. She said he pulled her down on the bed. She was alone with him because her mother was in a halfway house and was gone to a rehab meeting, and so this happened while he was with her. He had a four-hour time span that he was alone with her before her mother came back.

"She described that this happened inside the camper, then outside in a shop that he had and then outside by his vehicle. And I spoke with the mom later on, and the time line was everything that she gave, I was able to verify some of the things that she disclosed of.

"She stated that he stopped when she saw – when he saw mom's headlights coming up the driveway. And she said that he jumped behind the hot-water heater and pretended to be working on it. Mom stated when she got home, he was in the floor working on the hot-water heater.

"They went to Burger King, and then when they got back from Burger King, her mom sent her outside to get some drinks, and that's where it happened behind his vehicle. And he stopped because mom came outside and yelled for her to come inside. Mom also verified that that was true, she did go outside and yell for her to come back in.

"Well, I'm sorry, mom said that she would oftentimes go outside and yell for her to come back in. She couldn't say for sure on that night that she did it, but she said she would oftentimes do that, so it was probable.

"And the other time in the shed. It was all in the same day on September 22nd, but she did not make a disclosure of it until later on when she told her friend. Her friend told her mother, then her mother called the victim's mother, and they immediately came to the sheriff's office and did the police report."

(R. 8-10.) Officer Suh attempted to interview Glasscock, but Glasscock refused on advice of counsel.

At the conclusion of the hearing, defense counsel argued that the evidence presented in support of revocation was solely hearsay. The circuit court disagreed, and, on August 17, 2022, the circuit court entered an order revoking Glasscock's probation. This appeal followed.

Glasscock's sole contention on appeal is that the circuit court erred when it revoked his probation based solely on hearsay evidence. The State concedes that the circuit court relied on hearsay evidence alone to revoke Glasscock's probation. We agree.

"It is well settled that hearsay evidence may not form the sole basis for revoking an individual's probation. See Clayton v. State, 669 So.2d 220, 222 (Ala. Cr. App. 1995); Chasteen v. State, 652 So.2d 319, 320 (Ala. Cr. App. 1994); and Mallette v. State, 572 So.2d 1316, 1317 (Ala. Cr. App. 1990). 'The use of hearsay as the sole means of proving a violation of a condition of probation denies a probationer the right to confront and to cross-examine the persons originating the information that forms the basis of the revocation.' Clayton, 669 So.2d at 222."

4

Goodgain v. State, 755 So. 2d 591, 592 (Ala. Crim. App. 1999).

However, "hearsay evidence is admissible in a revocation proceeding," Beckham v. State, 872 So. 2d 208, 211 (Ala. Crim. App. 2003), and a combination of both hearsay and nonhearsay evidence may be sufficient to warrant revocation. See, e.g., Askew v. State, 197 So. 3d 547, 548-49 (Ala. Crim. App. 2015). "[W]hen the State presents a mixture of hearsay and nonhearsay evidence to show that a defendant violated his probation by committing a new offense, the circuit court cannot revoke a defendant's probation for that violation unless the nonhearsay evidence connects the defendant to the alleged offense." Walker v. State, 294 So. 3d 825, 832 (Ala. Crim. App. 2019).

In this case, the State presented only hearsay evidence to support a finding that Glasscock had violated the terms and conditions of his probation by committing two new criminal offenses. At the revocation hearing, two law-enforcement officers testified on behalf of the State. Neither officer had firsthand, personal knowledge of Glasscock's violation. The officers based their testimony on information they were told by K.B. and her mother – neither of whom testified at the probation-revocation hearing. Glasscock gave no statement to the investigating

officer regarding the rape allegations. In short, the testimony of the officers recounting the information provided by the victim and her mother was the only evidence presented at the probation-revocation hearing.

Because the State did not present sufficient nonhearsay evidence indicating that Glasscock had committed a new criminal offense, the circuit court erred in revoking Glasscock's probation. Accordingly, we reverse the circuit court's order revoking Glasscock's probation and remand this case to the circuit court for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

Windom, P.J., and McCool, Cole, and Minor, JJ., concur.